Norton v. Marden.

## Asa H. Norton vs. Allen Marden.

Where the parties contract under a mutual mistake of the *facts* supposed to exist, there being no fraud, and no beneficial interest obtained, the one who pays can recover back the money paid.

But money paid under a mistake of the *law* cannot be reclaimed.

A mistake of a *foreign law* is regarded as a mistake of a fact.

Nor can it be recovered back, when voluntarily paid, or paid with a knowledge, or means of knowledge in hand, of the facts.

Nor where there may have been a mistake of the facts, if the party paying has derived a substantial benefit from such payment.

Assumpsit for money had and received, brought to recover back the consideration money paid by the plaintiff to the defendant for the assignment of a bond of a lot of land in *Bangor*. The defendant held by assignment a bond for the conveyance of a lot, described in the bond, on payment of a specified sum. Prior to the bargain between these parties, there being no evidence that the defendant knew where the lot was, they went together and inquired and entered upon land supposed by them to be the same described in the bond, and thereupon the defendant assigned over the bond, and received the price agreed on. The plaintiff soon afterwards discovered, that the lot described in the bond was a different one from that seen by the parties, and much inferior to it, and gave notice thereof to the defendant, offered back the bond, and demanded the money paid by him.

The trial was before *Shepley J.*, who instructed the jury, that if they were satisfied from the testimony, that the defendant showed to the plaintiff a different lot from that described in the bond, before the contract was made between them; and that it was made upon that erroneous information; and that from the description in the bond he was not undeceived; they would find for the plaintiff, whether such erroneous information was given by the defendant fraudulently, or through mistake, or want of information on the part of the defendant; and if not thus satisfied, that they should find for the defendant. The verdict was for the plaintiff, and the defendant excepted.

*J. Appleton*, argued for the defendant, and cited 1 *Munf.* 336; 13 *Com. Law R.* 293; 2 *Hall*, 258; 5 *Com. L. R.* 57; 4 *Bos.*

Norton *v.* Marden.

*&amp; P.* 263; 2 *Atk.* 592; *Wright,* 493; 1 *Story's Eq.* 159, 161, 165; 1 *Wend.* 185; 2 *Caines,* 48; 2 *East,* 318; *Emerson* v. *Co. of Washington,* 9 *Greenl.* 88; *Soper* v. *Stevens,* 14 *Maine R.* 133.

*Kent* argued for the plaintiff, and cited 1 *Wend.* 355; 3 *Maule &amp; S.* 344; 2 *Black. R.* 824; 1 *Salk.* 289; *Bradford* v. *Manly,* 13 *Mass. R.* 139; *Hastings* v. *Lovering,* 2 *Pick.* 214; *Pearson* v. *Lord,* 6 *Mass. R.* 81; *Garland* v. *Salem Bank,* 9 *Mass. R.* 408.

The action was continued *nisi,* and the opinion of the Court afterwards delivered by

SHEPLEY J. — This is assumpsit for money had and received, brought to recover back a sum of money alleged to have been paid under a mistake. And the question presented by this bill of exceptions is, whether where parties contract under a mutual mistake of the facts supposed to exist, there being no fraud, and no beneficial interest obtained, the one who pays can recover back the money paid.

Certain principles in relation to this action seem now to be well settled. Money paid under a mistake of the law cannot be reclaimed. *Doug.* 471; *Bilbie* v. *Lumley,* 2 *East,* 469; *Stevens* v. *Lynch,* 12 *East,* 38; *Brisbane* v. *Dacres,* 5 *Taunt.* 144; *Mowatt* v. *Wright,* 1 *Wend.* 355. But a mistake of a foreign law is regarded as a mistake of a fact, 9 *Pick.* 112. Nor can it be reclaimed, when voluntarily paid with a knowledge, or means of knowledge in hand of the facts. *Martin* v. *Morgan,* 1 *Brod. &amp; Bing.* 289; *Welsh* v. *Carter,* 1 *Wend.* 185. Nor where there may be a mistake of the facts, if the party paying has derived a substantial benefit from such payment; because he is not then entitled *ex aequo et bono* to reclaim it. *Taylor* v. *Hare,* 4 *B. &amp; P.* 262. But when paid under a mistake of facts, and without any laches on the part of the payer, and without any substantial benefit derived from it, it may be recovered back. *Hern* v. *Nicholls,* 1 *Salk.* 289; *Cox* v. *Prentice,* 3 *M. &amp; S.* 344; *Milnes* v. *Duncan,* 6 *B. &amp; C.* 671; *Garland* v. *Salem Bank,* 9 *Mass. R.* 408.

*In Mowatt* v. *Wright,* it is said, that an error of fact takes place, either when some fact which really exists is unknown, or some fact

Norton *v.* Mardon.

is supposed to exist, which really does not exist. And that, " the cases founded on mistake seem to rest on this principle, that if parties, believing that a certain state of things exist, come to an agreement with such belief for a basis, on discovering their mutual error, they are remitted to their original rights."

In *Cox* v. *Prentice, Lord Ellenborough* says, " now this is a case of mutual innocence and equal error, which is not an unusual case for money had and received."

In the case now under consideration the instructions required, that the jury should find, that there was a mistake of fact, viz.: that the plaintiff supposed, that he was purchasing a bond for a different lot from the one described in it; and that they should also find, that the contract was made upon that mistake of facts. But it is insisted, that the plaintiff had the means of correct knowledge. And in one sense a person may be said always to have the means of knowledge. He may have access to books, and to the assistance and instructions of his fellow men. But the means of knowledge which the law requires are such, as the party may avail himself of as then present without calling to his aid other assistance. And in this case there is no ground for inferring, that the plaintiff had then the means of knowing that the true lot designated in the bond was not the one examined. He does not appear to have had any more satisfactory means of knowledge, than the statements of the defendant, and those proved to be erroneous.

It is also insisted, that the case is within the principle of the decisions of this Court, that the party, who takes a deed of release of real estate, if he obtain thereby no title, cannot recover back the money paid. Both parties in such cases, must be supposed to understand the tract of land purporting to be conveyed. And the absence of all covenants of title is satisfactory evidence, that they knew that the title was doubtful, and that the contract was made upon that basis. If in such cases there is any mistake, it is rather a mistake of law, than of fact. But the substance of the contract is, that the party purchasing agrees to purchase the other's right, whatever it may be, and take the risk of the title upon himself. And in such cases, there is no principle of law, which authorizes him to reclaim the purchase money in case of an entire failure of title. This is not the case of a conveyance of real estate,

but the assignment of a contract for a conveyance, and the contract of assignment made upon a mistake of facts. And there is no evidence, that the plaintiff obtained any benefit from it.

*Exceptions overruled, and Judgment on the verdict.*