VERONICA SCHAEFER

v.

CATHARINA WUNDERLE et al.

*Filed at Springfield January 14, 1895.*

1. BILL OF REVIEW—*when leave to file must be first obtained.* A bill of review upon the ground of newly discovered evidence cannot be filed without leave of court, although fraud in obtaining the decree is also charged, and although leave is not necessary to the review of a decree for fraud alone.

2. SAME —*may be allowed after affirmance of decree.* A bill of review upon newly discovered evidence may, in a proper case, be permitted, even after affirmance of the decree by the Supreme Court.

3. SAME—*leave to file must be obtained from the trial court.* An application for leave to file a bill to review a decree affirmed by the Supreme Court must be made to the court of chancery where the decree was originally rendered, and not to the Supreme Court.

4. SAME—*what is not such fraud as will ground a review.* A plea in partition admitting an averment of the bill that the complainants are subjects of the German empire, and averring that they are subjects of a certain duchy therein, does not constitute fraud for which a complainant is entitled to review the decree, although such complainant is, in fact, a citizen of Switzerland.

5. SAME—*affidavit must accompany application for review.* Leave to file a bill of review, because of newly discovered evidence, will not be granted except upon affidavit satisfying the court that the alleged new matter was not known to the petitioner, and could not have been discovered, produced or used by him, by the exercise of reasonable diligence, before the entry of the decree.

6. SAME—*affidavit upon information and belief not sufficient.* An affidavit for leave to file a bill of review should be positive, and not merely upon information and belief. It should distinctly state the new evidence relied upon, and affidavits of witnesses must be filed in support of its averments.

7. SAME—*negligence no ground of review.* A party cannot rely upon his own negligence, or that of his attorney, as a ground for a review of a decree.

8. SAME—*foreign party's ignorance of law no ground of review.* Leave to file a bill of review on the part of a citizen of a foreign country will not be granted on the ground of his ignorance of the laws of the United States or of a State therein, where he employed counsel in such State, and there is nothing to indicate that such counsel was not competent or skillful.

154—37

9. APPEALS AND ERRORS—*abuse of discretion, only, will be reviewed.* Refusal of leave to file a bill of review for newly discovered evidence will not be disturbed, on appeal, in the absence of an abuse of the fair discretionary power of the lower court.

10. EVIDENCE—*certificate of clerk as to citizenship.* A certificate of a municipal clerk containing mere conclusions as to the citizenship of a person, and not purporting to be issued by the authority admitting such person to citizenship, or to be an exemplification or copy of any record, is not admissible in evidence.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

VOCKE & HEALY, for plaintiff in error:

For error apparent on the face of the decree a bill of review may be filed without leave ; but on the ground of newly discovered matter it can only be filed on special leave, which depends on the sound discretion of the court to which application is made. If fraud in obtaining the decree or error apparent be united with new matter as a ground for relief, leave to file the bill is necessary. 2 Beach on Modern Eq. Pr. (ed. of 1894,) par. 866, p. 852.

The allowance of a bill of review for newly discovered evidence rests in the sound discretion of the court. *Griggs* v. *Gear*, 3 Gilm. 2.

The discretion must, however, be exercised in a spirit of justice and equity, and is reviewable upon appeal. *Hoig* v. *Thrap*, 84 Ill. 302 ; *Walker* v. *Douglas*, 89 id. 425 ; *Johnson* v. *Shepard*, 36 Mich. 115 ; *Scriven* v. *Hursh*, 39 id. 98; *Beecher* v. *Rolling Mill Co.* 40 id. 307; *Stockley* v. *Stockley*, 93 id. 307.

The question arises whether the matter upon which the petitioner in the case at bar relies for a review of the former decree, can be properly introduced as new matter, although it existed at the time of the hearing of this cause in the court below. In the case of *Ex parte Vandersmissen*, 5 S. C. Eq. 519, which was a petition for leave to file a bill of review, the court says (page 528): "I take it that the word 'new' may as much apply to the discovery

of the proof as to its existence. Although the proof might exist, yet if not produced it could not be acted upon."

It must appear that the new matter has come materially and substantially to the knowledge of the party, or his agents, (which is the same thing,) since the time of the decree in the former cause, or since such time as he could have used it to his benefit and advantage in the former cause. Cooper's Pleading, 91; 1 Ves. Sr. 434.

In *Easely* v. *Kellom*, 81 U. S. 890, it was held that a bill of review may be maintained on the discovery of an agreement which was absent at the trial, which absence was satisfactorily accounted for.

The rule to review a former decree is the discovery of new matter since the making of such decree, which was in being at the time but was not known to the party till afterwards. *Standish* v. *Radley*, 2 Atk. 177.

If the court is satisfied that the new matter is relevant and material, and such as would have caused a different decision, it will permit a bill of review to be filed. *Partridge* v. *Osborne*, 5 Russ. Ch. 195.

The new matter must be such as, if unanswered, in point of fact, would clearly entitle plaintiff to a decree. *Ord* v. *Noel*, 6 Madd. Ch. 127.

Mistakes as to foreign laws are not held to be mistakes of law, but mistakes of fact. Tiedeman, par. 184; *Norton* v. *Marden*, 15 Me. 45.

Mistakes as to matters of fact have always been regarded as relievable upon a clear, full and irrefragable proof; and mistakes in law ought to be upon the same footing, when the proof is equally certain. 1 Hill's Ch. Pr. 402, 773-775 ; *State* v. *Paup*, 13 Ark. 136.

Where the plaintiff's complaint shows that his mistake as to his legal rights was induced and encouraged by the misrepresentations of the defendant, and was taken advantage of by him, and that he could not, in conscience, retain the benefit acquired through such mis-

take, such a complaint states a cause of action. *Sands* v. *Sands*, 112 Ill. 225 ; *Bales* v. *Hunt*, 77 Ind. 355 ; Kerr on Fraud and Mistake, 398, 400 ; *Williams* v. *Chapion*, 6 Ohio, 169 ; *Bigelow* v. *Barr*, 4 id. 358.

D. D. GOODELL, for defendant in error Catharina Wunderle :

Leave of the court to file a bill of review, founded on the discovery of new matter, will not be granted except upon affidavit satisfying the court that the new matter could not, by reasonable diligence, have been procured or used when the decree was made. *Griggs* v. *Gear*, 3 Gilm. 2 ; *Evans* v. *Clement*, 14 Ill. 209 ; Adams' Equity, 417. .

There must be an occurrence of some new matter or some newly discovered evidence as to the matters in controversy in the former suit, which the petitioner could not, by the use of reasonable diligence, have known. *McDaniel* v. *James*, 14 Ill. 407; Story's Eq. Pl. sec. 414.

The allegations relied on by the petitioner must be established by competent and satisfactory evidence. The affidavit must be made by those having personal knowledge of the facts, and the averments must be positive, and not on information and belief. *Whitten* v. *Saunders*, 75 Va. 573 ; *Aholtz* v. *Durfee*, 122 Ill. 286.

The petition or proposed bill of review should show the former decree to have been complied with, or an order dispensing with its performance. It must also set out in full the proceedings in the suit to be reviewed. *Kuttner* v. *Haynes*, 135 Ill. 382 ; *Cox* v. *Lynn*, 138 id. 195.

A bill of review will not be allowed, upon the ground of newly discovered evidence, when a decision has taken place on appeal, unless the right is reserved in the decree of the Appellate Court, or permission be given on an application to that court directly for that purpose. *Southard* v. *Russell*, 16 How. 547; *Abrams* v. *Lee*, 14 Ill. 167; *Lazell* v. *Francis*, 4 Scam. 423 ; *Stifford* v. *Bryan*, 2 Paige Ch. 45 ; *Kimberly* v. *Arms*, 40 Fed. Rep. 548.

MAGRUDER, J.:   This is a petition, filed on the second day of December, A. D. 1893, in the Circuit Court of Jersey County by the plaintiff in error, for leave to file a bill of review.   The defendant in error, Catharina or Catharine Wunderle, appeared by counsel and opposed the granting of the petition.   After argument by counsel on both sides, the Circuit Court refused leave to file the bill of review, and dismissed the petition.   The present writ of error has been sued out for the purpose of reviewing this action of the Circuit Court.

There seems to be some doubt as to what allegations were contained in the petition as originally presented to the court, as will appear from what is said hereafter. But if the contention of plaintiff in error upon this subject is correct, the petition may be regarded as asking for leave to file the bill upon the grounds of newly discovered evidence, and fraud in obtaining the decree.   A bill of review for error apparent upon the face of the record may be filed without leave.   So, also, where the object of such a bill is to impeach a decree for fraud, it may be filed as a matter of right and without leave, it being regarded as an original bill in the nature of a bill of review.   But a bill of review upon the ground of newly discovered evidence cannot be filed without first obtaining leave of the court for that purpose ; and such leave is equally necessary in cases where the averment of newly discovered evidence is united with, or accompanied by, a charge of fraud in obtaining the decree.   (*Griggs* v. *Gear*, 3 Gilm. 2 ; 2 Beach's Modern Equity Practice, sec. 866).

Leave to file a bill of review for "new-discovered evidence" is not granted as matter of right, but depends upon the sound discretion of the court to which the application is made.   (*Ricker* v. *Powell*, 100 U. S. 104; Story's Eq. Pl. sec. 417; *Griggs* v. *Gear, supra*).   The Supreme Court of the United States has refused to commit itself in favor of the view, that an appeal will lie to that Court from an order of a Federal Circuit Court refusing leave to file

a bill of review. (*Ricker* v. *Powell, supra; Nickle* v. *Stewart,*
111 U. S. 776). In Michigan it has been held, that an
order refusing leave to file a bill of review is reviewable
on appeal or writ of error. (*Scriven* v. *Hursh,* 39 Mich. 98;
*Beecher* v. *M. & P. Rolling Mill Co.* 40 id. 307). We have
affirmed orders entered by the court below refusing to
grant such leave. (*Hoig* v. *Thrap,* 84 Ill. 302; *Walker* v.
*Douglas,* 89 id. 425). But our attention has not been called
to any case, where the question has been directly pre-
sented to us, whether such an order can be reviewed or
not. In *Hoig* v. *Thrap, supra,* however, the following
language was used: "We find, upon examination of the
petition, that the court below properly exercised its dis-
cretion in refusing leave to file the bill of review." The
true rule would seem to be that, unless there has been
an abuse of the fair discretionary power with which the
Circuit Court has been invested in the matter of such
applications, its decision should not be disturbed. (*Stock-
ley* v. *Stockley,* 93 Mich. 307). The question then arises
whether there has been an abuse of discretion in the
case at bar?

The decree sought to be reviewed is a decree dismiss-
ing a bill for partition, filed by Charles Wunderle and
the present plaintiff in error against the defendant in
error, Catharine Wunderle, which decree was affirmed by
this Court on January 18, 1893, as will be seen by refer-
ence to the case of *Wunderle* v. *Wunderle,* 144 Ill. 40. It is
urged by counsel for defendant in error, that a bill of
review will not lie, in the case of newly discovered evi-
dence, after the publication or decree below, where a
decision has taken place on an appeal, unless the right
is reserved in the decree of the Appellate Court, or per-
mission be given on an application to that court directly
for that purpose. Decisions have been rendered holding
this to be the correct rule and practice. (*Stafford* v. *Bryan,*
2 Paige Ch. 45; *Southard* v. *Russell,* 16 How. 547; *Kimberly*
v. *Arms,* 40 Fed. Rep. 548). In New Jersey it has been

held, that the court of errors and appeals in that State will not entertain an application to file a bill of review, but that the application must be made to the court of chancery. (*Putnam* v. *Clark*, 35 N. J. Eq. 145). It would seem that, when the court of last resort has affirmed or reversed a decree, its decision should be an end of the litigation; and a bill to review such a decree is very much like an attempt to appeal from the decision affirming or reversing it. (*Felty* v. *Calhoun*, 147 Pa. St. 27). The decision so affirming or reversing ought to be regarded as *res judicata*, as between the parties to the suit in which it is rendered. (*Abrams* v. *Lee*, 14 Ill. 167; *Lazell* v. *Francis*, 4 Scam. 421). A distinction, however, is drawn between a bill of review for error apparent upon the face of the decree, and one based on newly discovered evidence. The former cannot be filed after the decree has been passed upon by the Appellate tribunal. (Adams' Eq. marg. page 417; *Watkins* v. *Lawton*, 69 Ga. 671; *Putnam* v. *Clark, supra; Southard* v. *Russell, supra*). We are not prepared to hold, that an application for leave to file a bill of review can be made to this Court. We are inclined to think, that cases may arise where a bill of review upon new-discovered evidence may be permitted even after an affirmance of the decree here. (Story's Eq. Pl. sec. 418; Adams' Eq. marg. page 417). But, in such cases, the application for leave to file must be made to the court of chancery where the decree was originally rendered, and not to this Court.

The plaintiff in error and her brother, Charles Wunderle, alleged in the bill for partition filed by them in said Circuit Court on June 22, 1891, that they were both residents of the Empire of Germany at that time. The petition here avers, that such allegation was made in said bill, although the petition is defective in not setting out, as fully as it should, the proceedings in the former suit. (*Bruschke* v. *Nord Chicago Schuetzen Verein*, 145 Ill. 433). The new-discovered evidence which is here urged as a ground

for leave to file a bill of review, is supposed to show, that plaintiff in error was not then a resident of the German Empire, but that she was then a resident or citizen of Switzerland.

The present defendant in error, the defendant to the bill in partition, did not answer the same, but filed a plea denying the title of the complainants to the property involved in the controversy; and, in her plea, she admitted that complainants were subjects of the German Empire, and also averred that they were residents of that particular part of the German Empire known as the Grand Duchy of Baden. The plea was argued, and the judgment of the court was taken upon its sufficiency. As the plea was set down for argument by the complainants without replying to it, the matter contained in it was considered as true, and was held by the court to be a bar to the relief asked. (1 Barb. Ch. Pr. 121). The only fraud charged against the defendant in error is, that she stated in her plea the residence of the complainants to be in Baden in the German Empire. Certainly, the plaintiff in error here, who was one of the complainants there, ought to have known her own residence, and we cannot conceive how the defendant in error was guilty of any fraud in merely stating in her plea what plaintiff in error had stated in her bill. It was natural to suppose, that plaintiff in error stated her residence correctly when she alleged it to be in the German Empire. If the plea had incorrectly stated that such residence was in that part of the German Empire known as the Grand Duchy of Baden, then plaintiff in error should have taken issue upon it by filing a replication. Instead of doing so, she admitted the truth of the statements in the plea by setting it down for argument upon its sufficiency. It is not denied that Charles Wunderle was a citizen of Baden, nor is it pretended that, if plaintiff in error was a resident of the German Empire as she alleged she was, she was a resi-

dent of any other part of that Empire than the Grand
Duchy of Baden.

The position here taken is truly a novel one. It is,
that a complainant in a bill in chancery may charge a
defendant, filing a plea thereto, with fraud simply because
such defendant in the plea admits the correctness of an
allegation in the bill, or, in other words, assumes and
takes for granted that a certain matter stated by the bill
to be true is true as matter of fact. We can conceive of no
fraud in the fact, that both bill and plea averred the resi-
dence of plaintiff in error to be in the German Empire,
unless it was intended by both parties to perpetrate a
fraud upon the Courts by making up an agreed case based
upon a false state of facts, in order to procure a decision
upon the validity of an Act of the Legislature of this
State. If plaintiff in error was a party to any such
improper agreement or understanding with the defendant
in error upon the subject of her residence, she cannot
take advantage of her own wrong by setting up the par-
ticipation of the defendant in error in the arrangement
as a ground for leave to file a bill of review. As, how-
ever, we discover nothing in the record to indicate that
the plaintiff in error, or her counsel, was guilty of any
collusion in the preparation of the partition suit, we do
not regard the fact, that both the bill and the plea in that
suit stated the residence of plaintiff in error and her
brother to be in Baden, as indicative of any fraud on the
part of either party.

Counsel for defendant in error claims, that the petition
for leave to file the bill of review, as originally presented
to the Circuit Judge, contained no allegation of fraud, but
that, after the presentation of such petition, and after the
application for leave had been argued and refused by the
Court, then the petition was changed by the insertion
therein of the following : " Your petitioner therefore
says that the decretal order of this Court was obtained
by the fraud of said Catharine Wunderle." The record

and supplemental record filed in this Court by the plaintiff in error show that, after leave to file the bill was refused, a motion, supported by affidavit, was made by counsel for defendant in error before the Circuit Court, asking that the words above quoted, and other insertions and alterations, alleged to have been made in the petition after the Court had acted upon it, should be stricken out ; and that the motion so made was granted by the trial judge. We do not deem it necessary, however, to pass upon the question whether these words can be regarded as a part of the petition or not, because, even if they are conceded to have been properly inserted, we are of the opinion, that the circumstances set up in the petition as constituting fraud, and which have been hereinbefore indicated, do not really amount to fraud as charged.

We come now to the matter of the new-discovered evidence, as stated in the petition. The petition alleges, that plaintiff in error whose maiden name was Veronica Wunderle, was born in the Grand Duchy of Baden, but that in 1874 she went to Basel in Switzerland, and there in 1875 she married Vincens Schaefer, who was a citizen of Switzerland, and lived with him there until his death in 1887. It furthermore appears from the petition, that four years after her husband's death, and in March, 1891, she was in the Grand Duchy of Baden with her brother, Charles Wunderle, and there united with him in the execution of a power of attorney to the German Consul at Chicago, authorizing said Consul to assert and protect her rights in the estate of her deceased brother, Alexander Wunderle, in Jersey County in this State ; that, in the certificate of acknowledgment attached to said power of attorney, the notary public making the certificate recited that she was a resident of the city of Basel; that she and her brother sent this power of attorney to the German Consul at Chicago ; that petitioner is "informed and believes" that said consul retained an attorney practicing in Jersey County to represent her interests in said

estate, that the power of attorney was sent to said attorney and received by him, that, by virtue thereof, he filed said bill in the partition suit and erroneously recited therein, that Charles Wunderle and plaintiff in error were residents of the Empire of Germany; that she is informed and believes, that said attorney was led to believe that plaintiff in error was a resident of Baden in the German Empire, because it was so stated by defendant in error in her plea, "and therefore failed to make any replication to said plea;" that an appeal was taken from the decree dismissing said bill by said attorney, with the advice of said consul, "for the sole purpose, as your petitioner is now informed and believes, of securing an adjudication * * * with reference to the constitutionality of" the alien law of Illinois, "and that for this reason no proper attention was paid by her representatives to her nationality or citizenship;" and that she had no knowledge or notice of these facts until September 1, 1893.

Before noticing the character of the alleged new-discovered evidence, it may be well to consider whether the petition in this case conforms to the requirements of the law in regard to such petitions. The prayer of the petition for leave to file a bill of review will not be granted except upon affidavit satisfying the court, that the alleged new matter was not known to the petitioner and could not have been discovered and produced or used by him, by the exercise of reasonable diligence, before the entry of the decree sought to be reviewed. The affidavit should be positive, and not merely upon information and belief. The new evidence relied upon must be distinctly stated, and the affidavits of witnesses must be filed in support of the averments. It has been held, that the application should be refused when it appears that the affidavit of the witness to the newly discovered evidence could readily have been obtained, but the party asking the rehearing merely files his own affidavit. An affidavit of the complainant that the allegations so far as made of his

personal knowledge are true, and that the other allega-
tions are believed to be true, has been held to be insuffi-
cient. (2 Beach's Mod. Eq. Pr. sec. 868, and cases cited
in note ; Story's Eq. Pl. sec. 412; Adams' Eq. marg. page
417; 2 Am. & Eng. Enc. of Law, page 269 ; *Griggs* v. *Gear*,
3 Gilm. 2; *Aholtz* v. *Durfee*, 122 Ill. 286 ; *Whitten* v. *Saunders*,
75 Va. 563 ; *Kern* v. *Wyatt*, 89 id. 885).

It is apparent, that the petition in this case falls far
short of the requirements thus set forth. From the orig-
inal record filed in this Court to which the assignments
of error are attached, it appears that the petition as
originally filed was not sworn to at all. The supple-
mental record shows, that an affidavit was attached to
the petition and subsequently erased by the trial court.
The two records taken together indicate quite clearly,
that the affidavit, which was erased, was thus stricken
out by the trial court, upon motion of counsel for defend-
ant below, upon the ground that it had been added to
the petition after the decision of the court, refusing leave
to file the bill of review, had been rendered. But whether
this was so or not, the affidavit is wholly insufficient,
even if it be conceded that it was added to the petition
when the latter was originally presented to the Court.
It is not sworn to by the petitioner herself, nor by the
attorney who filed the bill for partition, but by new
counsel subsequently retained. It states, that the affi-
ant, "being duly sworn, deposes and says that he is the
solicitor of the said Veronica Schaefer, and that the facts
stated in the above petition by him subscribed on behalf
of the petitioner are true to the best of his knowledge
and belief." Such an affidavit as this would not justify
the court in granting the leave asked for under the
authorities above referred to.

Moreover, many of the allegations of the petition are
upon information and belief merely. Matters are re-
ferred to in the petition, which are shown to be peculiarly
within the knowledge of the German Consul and of the

attorney in Jersey County who filed the bill for partition, and yet the petition is unaccompanied by the affidavits of these gentlemen, or of either of them. Said attorney is not here to say, that he was misled by the statements in the plea, or that he made any erroneous statement of fact in the bill filed by him, or that he failed to file a replication to the plea for the reason alleged, or that he paid no attention to the nationality or citizenship of plaintiff in error for the reason stated. So far as appears here, he is still in Jersey County. Why was not his affidavit presented with the petition? It is said, that he was misled by the plea, because the widow of Alexander Wunderle was the sister-in-law of the present plaintiff in error. *Non constat* that she was ever in the Grand Duchy of Baden, or in Switzerland, or that she was not an American and married to her husband in this country. It does not appear, that her means of ascertaining the residence of her husband's brother and sister were superior to those possessed by their authorized representatives in this country. But if such was the case, it is not apparent that her plea, which is alleged in the petition to have been sworn to, is not as worthy of credence as the uncorroborated petition of the plaintiff in error. Nor is it clear how the attorney, who filed the bill for partition, could have been misled into believing, that plaintiff in error was a resident of the German Empire, by the statements of the plea, when he had already averred in the bill which was filed on June 22, 1891, that she was a resident of the German Empire, while the plea, as is averred in the petition, was not sworn to until September 26, 1891. How can an allegation in a bill filed in June, 1891, be induced or prompted by an allegation in a plea not filed until three months thereafter?

The alleged new-discovered evidence is the certificate of acknowledgment attached to the power of attorney sent to the German Consul. This power of attorney is not set forth in the present record. It was not made a

part of the petition, nor attached thereto. The power of attorney was hardly a proper document to be introduced in evidence, unless the authority of the consul, or of the attorney employed by him, to appear for plaintiff in error and her brother had been challenged. It was not itself proof, nor did it contain any proof, of matters necessary to be established in the partition suit. It was simply evidence of the right of the consul and the attorney to act for the makers of it. But it is said, that the Notary Public, who took the acknowledgment of the power of attorney, describes plaintiff in error as a resident of Basel, and not of Baden, in his certificate. Her nationality or citizenship, if contested, could not be proven in that way. But if the certificate could be regarded as legitimate proof upon that subject, how can it be said that it is new-discovered evidence? It was in the possession of the attorney when he filed the bill for partition. It may have stated upon its face and in the body of it, that the makers of it were residents of the German Empire, so far as appears to the contrary. It is not alleged in the petition, nor shown in any way, that it had been mislaid by the attorney, or that he was not familiar with the contents of the certificate when he filed the bill. Evidence of the residence of plaintiff in error was within the reach of herself and of her attorneys when the bill was filed. Her deposition could have been taken, or properly exemplified copies of records, showing her naturalization or citizenship, could have been obtained. It cannot be said, nor is it averred, that such proof, or that the power of attorney with the certificate of acknowledgment attached to it, could not have been produced and used, by the exercise of reasonable diligence, before the decree was entered. The petition itself alleges, that proper attention was not paid to the subject of the nationality or citizenship of plaintiff in error. But she cannot rely upon her own negligence, or that of her attorney, as a ground of relief. (*Tone* v. *Wilson*, 81

Ill. 529; *Tilgman* v. *Werk*, 39 Fed. Rep. 680; *McDaniel* v. *James*, 23 Ill. 356). Where a party prosecutes to final judgment, which is adverse to him both in the court of original jurisdiction and in the court of last resort, a proceeding involving the title to land, such judgment will be conclusive as to his title whether he then asserted all the claim he had or not; and he will afterwards be estopped by material allegations made in his pleadings therein. (*Walker* v. *Walker*, 37 La. Ann. 107; *DesMoines & Ft. D. R. Co.* v. *Bullard*, (Iowa,) 56 N. W. Rep. 498; *Prescott* v. *Fisher*, 22 Ill. 390; *Tone* v. *Wilson*, *supra*; *Blackburn* v. *Bell*, 91 Ill. 434; *Nispel* v. *Laparle*, 74 id. 306; *Cronk* v. *Trumble*, 66 id. 428).

Plaintiff in error lays great stress upon the case of *Ex parte Vandersmissen*, 5 S. C. Eq. Rep. 519. But an examination of the facts and proceedings in that case will show that it is clearly distinguishable from the case at bar. There an ante-nuptial contract in the French language, on parchment, folded and not endorsed, was sent to counsel in South Carolina, and was overlooked by them in their defense to a proceeding to set aside certain deeds. The petition for leave to file the bill of review was accompanied by full affidavits of several of the attorneys, setting up that the contract had been overlooked by them, that they did not know that it was among the papers sent them, and that they never saw it until after the final decision of the cause; and the instrument itself was competent and material evidence under the issues involved, and was produced so that it could be examined.

There appears in the original record on file here the copy of a certain paper marked "Exhibit A," which purports to be a certificate dated October 23, 1893, and issued by the clerk of the Senate of the city of Basel, to the effect that plaintiff in error, a widow and born at Wallbach in the Grand Duchy of Baden, was, with her late husband, admitted to the rights of a citizen of Basel in April, 1875. This paper is not referred to as an exhibit

in the petition set forth in the original record, nor is it in any way made a part thereof. In the supplemental record there is a clause covered with erasure marks, which, as read through such marks, seems to refer to some such paper as an exhibit. The erased clause was stricken out by the Court, as having been inserted after its decision upon the prayer of the petition, in pursuance of the motion already referred to. The paper itself does not appear at all in the supplemental record either with or without erasure marks, and as it is not made a part of the petition in the original record, it is not properly a part of the records filed in this Court, and really deserves no consideration. It is not discussed by counsel for plaintiff in error in their original or reply brief. We find no reply to the suggestions of counsel for defendant in error in reference to it. But, if it can rightfully be regarded as a part of the petition passed upon by the trial court, it is merely a certificate of conclusions and matters of fact. It does not purport to be issued by the authority admitting to citizenship, nor to be an exemplification or copy of any record. Such a certificate is not admissible as evidence. If a person in official station is bound to record a fact, the proper proof is a copy of the record duly authenticated. "But as to matters which he was not bound to record, his certificate, being extra-official, is merely the statement of a private person, and will, therefore, be rejected." (1 Greenl. on Ev. sec. 498). "If facts are on record in his office, * * * those facts must be given in evidence, and not the conclusions which those facts might tend to prove." (*Greenwood* v. *Spiller*, 2 Scam. 502 ; *Cross* v. *Pinckneyville Mill Co.* 17 Ill. 54).

Counsel for plaintiff in error urge, that she was ignorant of the laws of this country, and that the maxim, *Igno-rantia legis neminem excusat,* cannot apply to her, because mistakes as to foreign laws are regarded as mistakes of fact. It has been held, that the ignorance of law, which will not excuse, is ignorance of the laws of one's own

country, and that the laws of foreign countries, or of other States, are facts. (*Norton* v. *Marden*, 15 Me. 45 ; *Haven* v. *Foster*, 9 Pick. 112 ; *The Bank of Chillicothe* v. *Dodge*, 8 Barb. 233 ; Tiedeman on Eq. Jur. sec. 184; 9 Am. & Eng. Enc. of Law, page 874). But we are at a loss to see how this principle can have any application here. Plaintiff in error took no step, nor made any contract, nor entered into any arrangement, through a mistake as to what the laws of Illinois or of the United States were. She employed or authorized the employment of counsel in Illinois. We see nothing to indicate that the counsel so employed was not competent and skillful. That he was not so does not follow from the fact, that the outcome of the partition suit was adverse to his view of the law.

After a careful examination and consideration of this case, we are unable to reach the conclusion, that the Circuit Court was guilty of any abuse of its discretionary power in refusing to grant leave to file the bill of review.

The decree of the Circuit Court dismissing the petition is, accordingly, affirmed.                    *Decree affirmed.*