Nestor Johnson Manufacturing Company, Plaintiff in Error, v. The Alfred Johnson Skate Company, Defendant in Error.

Gen. No. 35,365.

Opinion filed April 5, 1932.

ZANE, MORSE & NORMAN and CRAIG R. JOHNSON, for plaintiff in error.

MOSES, KENNEDY, STEIN & BACHRACH, for defendant in error; HAMILTON MOSES, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The plaintiff in error (hereinafter called the complainant) has sued out this writ of error to review an order of the chancellor denying it leave to file its "supplemental bill and bill of review."

The decree which the bill seeks to review was entered in the superior court November 12, 1924. The pleadings and the evidence heard in the original proceedings are fully stated in the case of *Nestor Johnson Mfg. Co. v. Alfred Johnson Skate Co.*, 313 Ill. 106. After the mandate of the Supreme Court in that case had been filed the chancellor entered the decree in question, in accordance with the mandate, enjoining the defendant, its officers, employees, etc.,

"First, from using in the advertising, disposition, distribution or sale of tubular ice skates upon any skate, box, container, letterhead, catalog, literature,

sign, advertising matter or otherwise, or verbally, the word 'Johnson' in its secondary sense, that is to say, meaning, describing and indicating the particular make of tubular ice skates of the Nestor Johnson Manufacturing Company, complainant, in the description or partial description of, or as the name or part of the name of, a tubular ice skate.

"Second, from using in the advertising, disposition, distribution or sale of tubular ice skates, upon any skate, box, container, letterhead, catalog, literature, sign, advertising matter or otherwise, the name 'Alfred Johnson Skate Company' in print, script, or writing in any form without the four words of said name set forth in equal prominence and in the same character and size of type, script or writing, and without adding thereto in type, script or writing of the same character and not less than two-thirds the size of the said type, script or writing by which the said name 'Alfred Johnson Skate Company' is displayed, the words 'Not connected with the Nestor Johnson Manufacturing Company.' "

It was also decreed that the complainant was entitled to an accounting from the defendant, The Alfred Johnson Skate Company, for all profits accruing to it "from the use of the trade name 'Johnson' in its secondary sense as hereinbefore defined applied to tubular ice skates made, sold or delivered by the defendant at any time subsequent to the date of service of summons upon the said defendant upon the bill herein," and the cause was referred to a master in chancery to take proofs upon the accounting, with directions, etc. The matter of the accounting is still on hearing before the master. On February 15, 1927, the complainant filed a "petition for leave to file bill of review called supplemental bill" (hereinafter called first petition), which came on to be heard before Judge Steffen, at which time the complainant presented a so-called "supple-

mental bill." In support of the petition the complainant offered the affidavit of Charles I. Johnson, dated December 6, 1926, to which were attached certain exhibits; also the affidavits of Rudolph Notz and Ruth Helen Notz, both dated December 14, 1926. The defendant offered, in opposition, portions of the complainant's brief and argument and also portions of its reply brief which were filed in the Supreme Court in the case of *Nestor Johnson Mfg. Co. v. Alfred Johnson Skate Co., supra;* also the decree of the superior court entered November 12, 1924. On February 15, 1927, Judge Steffen entered an order denying the complainant leave to file the "bill of review called supplemental bill." After an appeal had been denied the complainant filed a certificate of evidence, but the order entered by Judge Steffen remains in full force and effect, as no writ of error has been sued out to review the same although the time allowed by section 117 of the Practice Act, Cahill's St. ch. 110, ¶ 117, in which the writ may be brought has long since expired. On December 10, 1929, the complainant filed, in the superior court, a petition (hereinafter referred to as second petition) for leave to file the instant bill. Attached to the petition are certain exhibits, A, B, C, D and E. Exhibit A is an affidavit of Charles I. Johnson, dated May 22, 1929, and certain exhibits attached thereto marked 1 to 49, both inclusive, and which are identical with the affidavit of Johnson and the exhibits attached thereto which were offered in support of the first petition. Exhibit B is an affidavit of Ruth Helen Notz, dated May 24, 1929, which is identical with her affidavit offered in support of the first petition. Exhibit C is an affidavit of Rudolph Notz, dated May 24, 1929, which is identical with his affidavit offered in support of the first petition. Exhibit D is a second affidavit of Charles I. Johnson, dated May 22, 1929. Exhibit E is another affidavit of Johnson, dated June 20, 1929. The

second petition came on to be heard before Judge Gentzel, and in support of the same the complainant offered Exhibits A, B, C, D and E. In opposition the defendant offered the order entered by Judge Steffen on February 15, 1927, also the certificate of evidence filed by the complainant in the matter of the first petition and also the decree entered by the superior court in accordance with the mandate of the Supreme Court. The certificate of evidence shows all the documents, papers and proof that were offered in evidence in the hearing on the first petition. Judge Gentzel entered an order denying leave to file the instant bill and it is this order which the present writ of error seeks to review.

The matters set forth in the bill which Judge Gentzel denied leave to file, are the same as those set forth in the bill which Judge Steffen denied leave to file, save that in the instant bill there are a few matters, of the same character and nature, set up which are alleged to have occurred subsequent to the time of the entry of the order denying leave to file the first petition. It is conceded that the matters averred in the affidavits filed in support of the first and second petitions are of the same character and nature as those that were alleged in the original bill and proven upon the hearing of that cause. They are therefore merely cumulative to the facts considered by the Supreme Court in rendering its judgment.

The defendant contends that the order of Judge Gentzel denying the complainant leave to file the instant bill is not a final one, subject to review by appeal or writ of error, because the master has still before him the matter of the accounting, and that the order of Judge Gentzel is interlocutory and that until the chancellor enters a decree upon the accounting the cause is not reviewable on appeal or writ of error. We find no merit in this contention. The decree which the

proposed bill seeks to review fixed the rights of the parties and it was therefore a final order. The accounting is merely a proceeding for the purpose of carrying out the decree.

The defendant also contends that the order of Judge Gentzel was a proper one for the reason that "the previous decision of Judge Steffen was *res adjudicata*"; that it stands unreversed and is not now subject to review by appeal or writ of error and that the provisions of section 117 of the Practice Act, Cahill's St. ch. 110, ¶ 117, "would be ineffectual if, after two years had elapsed, a second action could be maintained upon identically the same cause of action and evidence and a writ of error sued out to review a second adverse adjudication thereon. The order of Judge Steffen was not only *res adjudicata* but it could not be reviewed by indirection on reviewing the order of Judge Gentzel." The complainant asserts that the ruling of Judge Steffen, denying it an appeal, was wrong, but that it was procured by the defendant upon the ground that the order was not a final one and therefore not appealable, and that the latter is therefore estopped to raise the instant contention, as it is inconsistent with the position previously assumed by it, and which it successfully maintained. The defendant answers that there can be no estoppel unless it be mutual and binding on both parties, and cites, upon the oral argument, *First Nat. Bank of Chicago v. Northwestern Nat. Bank,* 152 Ill. 296; *Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200; and *Keal v. Rhydderck,* 317 Ill. 231, 239, in support of its position. In the instant proceeding, after the chancellor denied the complainant an appeal, it sued out a writ of error to review the order. It had the right to pursue the same procedure after Judge Steffen denied it an appeal, but it did not see fit to do so. It would make no practical difference to the complainant whether it had the order of Judge Steffen re-

viewed by appeal or by writ of error. However, in our view of this cause, we do not deem it necessary to pass upon the instant contention of the defendant.

We find but little difficulty in determining the merits of the present writ of error. The Supreme Court, in its exhaustive and able opinion, held that it was not necessary to enjoin entirely the use of the word "Johnson" nor the defendant's corporate name, and approved that part of the decree entered by the chancellor which enjoined the use of the name "Alfred Johnson Skate Company," without the use of the words, "Not connected with the original Nestor Johnson Manufacturing Company." The complainant does not contend that the defendant has violated the decree entered by the superior court upon the mandate of the Supreme Court, and it concedes, as it must, that if the defendant violated the injunction, the complainant, by apt proceedings, could bring about the punishment of the defendant for its disobedience. The real position and purpose of the complainant is clearly shown by the prayer contained in the bill it asked leave to file, which is as follows: "That the said defendant, The Alfred Johnson Skate Company, its agents, servants, officers and employees, and the said other defendants in this bill, Julian T. Fitzgerald, Alfred Karl Johnson and Gustav Emil Schmidt, may be perpetually enjoined and restrained from using the word 'Johnson' in any connection as any part of the corporate name of the said corporate defendant so long as the said corporation is engaged in the manufacture or sale of tubular ice skates, and from using the word 'Johnson' in any manner, either in its corporate name or otherwise, in the advertising, distribution, disposition of, sale or soliciting of sale of tubular ice skates, or in any business connected with the manufacture and sale of the corporate defendant's tubular ice skate, or upon any skate, box, container, letterhead, catalogue, literature, sign, advertising matter or otherwise, or ver-

bally, and pending the hearing upon said supplemental bill and bill of review may be so temporarily restrained.'' It will be noted that the sole relief prayed for is that the defendant be enjoined from using the word ''Johnson'' in any manner whatsoever in connection with its business, although the Supreme Court refused it such relief. The complainant states that it applied for leave to file its instant bill in the lower court notwithstanding the mandatory nature of the judgment entered by the Supreme Court because the rule in this State required it to do so; that if the rule in force in the federal court and certain of the sister states prevailed in Illinois it would have filed its petition in the Supreme Court. Upon the oral argument of this cause we were duly impressed with the fact that the present proceeding ''is designed to show . . . that the decree ordered by the Supreme Court is no protection whatever to the complainant in its ownership and property right of the trade name 'Johnson' applied to tubular ice skates,'' and that ''the necessity of enjoining altogether the use of the name Johnson by defendant is very plain.'' The complainant states: ''We know that we are asking of this court the entry of a decree which impliedly would show that the decree directed by the Supreme Court is insufficient,'' but that under the practice in this State and the facts it has the right to ask us to order such a decree. However, the complainant very frankly admitted, in the oral argument, that its ultimate purpose is to convince the Supreme Court that the decree it ordered is insufficient to protect the rights of the complainant.

''For all practical purposes all bills of review or bills in the nature of bills of review are divided into three general classes: Bills for error appearing on the face of the decree, bills upon discovery of new matter, and bills based upon allegations of fraud impeaching the original decree. (Story's Eq. Pl.—10th ed.—secs. 412, 426; 2 Daniell's Ch. Pl. & Pr.—6th Am. ed.—

chap. 33, sec. 5; *Griggs v. Gear,* 3 Gilm. 2; *Schaefer v. Wunderle,* 154 Ill. 577.) A bill of review for error apparent upon the face of the record or to impeach a decree for fraud may be filed without leave, but leave of court must be obtained before the filing of a bill of review for newly discovered evidence; and such leave is also necessary where the averment of newly discovered evidence is united to or accompanied by a charge of fraud in obtaining the decree or united with allegations as to errors of law on the face of the record. 2 Beach's Modern Eq. Pr. sec. 868; 3 Ency. of Pl. & Pr. 586; *Glos v. People,* 259 Ill. 332; *Griggs v. Gear, supra; Schaefer v. Wunderle, supra."* (*Harrigan v. County of Peoria,* 262 Ill. 36. See also *Bushnell v. Cooper,* 289 Ill. 260, 265–6.) The complainant states that its bill is ''based upon evidence since the decree,'' ''upon facts and matters happening since the decree was rendered,'' and therefore it properly lies to review the former decree. In *Griggs v. Gear,* 3 Gilm. 2, 11, it is said: ''A party may file a bill of review for newly discovered evidence. In such a case the bill must set forth the newly discovered matter, and that it has arisen since the final decree, or has since come to the knowledge of the party, and that he was guilty of no neglect, in not discovering and producing it before. *The evidence must not be cumulative,* and must be of an important and decisive character.'' (Italics ours.) It must be ''such as, if true, should produce on another trial of the issue a different result on the merits; and (4) *it is not merely cumulative.* (*Elzas v. Elzas,* 183 Ill. 132; *Griggs v. Gear,* 3 Gilm. 2; *Walker v. Douglas,* 89 id. 425; *Schaefer v. Wunderle,* 154 id. 577; *Boyden v. Reed,* 55 id. 458.)'' (*Lewis v. Topsico,* 201 Ill. 320, 329. Italics ours.) In *Elzas v. Elzas, supra,* the court states that to warrant the granting of leave to file a bill of review the newly discovered evidence relied upon *must not be merely cumulative,* and must be of such an important character as would

apparently have effected a different result had it been known and produced, and the court further held "that the newly discovered evidence must be such as relates to a matter in issue on the hearing,—not evidence to make a new case, but to establish the old one. (*Boyden v. Reed, supra.*)" After a careful consideration of the opinion of the Supreme Court and the allegations of the proposed bill and the exhibits attached thereto we are satisfied that the new facts relied upon are of the same character and nature as those that were considered by the Supreme Court. In fact, the complain-· ant does not claim otherwise. Under the law cited, therefore, the present bill would not lie.

The defendant also contends that the adjudication by the Supreme Court settles the law applicable to the present proceeding and that the instant bill is merely an attempt to have a *nisi prius* court reverse the judgment of the Supreme Court. The decree which the instant bill seeks to review was entered in the superior court *in pursuance of the mandate of the Supreme Court, and it is, in effect, the decree of the latter court.* It is not necessary to cite the many cases wherein the Supreme Court has refused to reconsider a contention which had been previously settled by a former adjudication of that court in a proceeding between the same parties. It appears from the opinion of the Supreme Court and the record in the present proceeding that the complainant strenuously urged upon that court that the defendant be enjoined from the use of the word "Johnson" in any way in the conduct of its business. The opinion plainly shows how carefully and ably this important question was considered by the court. As the instant bill is based solely upon newly discovered evidence which is entirely cumulative in its nature, and as the only relief asked is that the defendant be enjoined from the use of the word "Johnson" in any way in the conduct of its business, it would seem, therefore, as though the decision of the Supreme

Court should be *res adjudicata* of the sole question presented to us. The *complainant* states that while the defendant obeys "the prescribed words of the decree," experience shows that the relief granted by the Supreme Court is inadequate and that therefore an injunction against the use of the name "Johnson," in any way, in connection with defendant's business, is required and justified. As we view it, the instant proceeding is merely a novel method of asking the Supreme Court to review and reverse its former judgment.

In support of its contention that the experience of the last seven years has demonstrated the necessity of enjoining altogether the use of the name "Johnson" by the defendant the complainant cites the case of *Waterman Co. v. Waterman & Co., Inc.*, 229 Ill. App. 630, wherein the first division of this court held that the defendant in that case should be enjoined from using the name "Waterman" in connection with its business. It appears from the record in the instant proceeding that this opinion was not only cited to the Supreme Court by the complainant but was printed at length as an appendix to its brief. In the recent case of *Warshawsky & Co. v. Warshawsky & Co., Inc.*, 257 Ill. App. 571, we followed the doctrine laid down by the Supreme Court in the case at bar and held that a provision of the decree enjoining the defendant from making any use of its corporate name was too drastic. In that case *Waterman Co. v. Waterman & Co., Inc.*, and several other cases now cited by the complainant were called to our attention.

We are satisfied that the order of Judge Gentzel denying the complainant leave to file the "supplemental bill and bill of review" is a proper one, and, accordingly, the order which the instant writ of error seeks to review is affirmed.

*Affirmed.*

GRIDLEY, P. J., and KERNER, J., concur.