John D. McNab, Plaintiff in Error, v. Selena Dunsmure, Also Known as Selena McNab, Defendant in Error.

Gen. No. 36,928.

Heard in the second division of this court for the first district at the October term, 1933. Opinion filed May 1, 1934.

ROBERT D. MELICK and FRED W. STORY, for plaintiff in error.

FISHER, BOYDEN, BELL, BOYD & MARSHALL, for defendant in error; THOMAS HART FISHER, of counsel.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

October 17, 1921, plaintiff in error, John D. McNab (hereinafter called plaintiff) secured a *pro confesso* decree of divorce against his wife, Selena Dunsmure, also known as Selena McNab, on the ground of deser-

tion on substituted service made by publication and the mailing of a notice to her under the name of Selena McNab at Butler, New Jersey. September 26, 1924, pursuant to notice to Fred W. Story, attorney for her husband in the divorce case, defendant, by her counsel, entered her appearance and asked for leave to file her petition, alleging that she had received no notice of the commencement or pendency of the divorce suit against her either by mail, service of summons or by copy of the bill of complaint, and that she had not received any written notice of the entry of the decree of divorce. On the same day, by leave of court, defendant filed her answer denying the allegations of plaintiff's bill for divorce and an order was entered directing that the decree stand affirmed until further order of the court. October 24, 1924, plaintiff, by his solicitor, entered his special appearance to question the service of notice upon him, and moved to strike defendant's petition to vacate the decree of divorce and her answer to the bill of complaint from the files. This motion was denied November 7, 1924. The cause was placed on the trial calendar April 5, 1925, and reached for trial June 26, 1925. After hearing the testimony of witnesses produced by defendant the chancellor entered a final decree finding in effect that plaintiff had procured his decree of divorce through fraud and ordered it vacated and annulled and his bill of complaint dismissed for want of equity. Plaintiff filed a bill of review July 7, 1926, to review the decree of June 26, 1925. Plaintiff's motion to default defendant and for a decree *pro confesso* on his bill of review predicated upon substituted service of process upon her by publication and the mailing of a copy of the notice to her at her home in New York City, she appearing specially to question such service of process and to object to the jurisdiction of the court, was denied by the court June 12, 1931, and the court ordered the bill of review dismissed for want

of equity and for want of jurisdiction. It is this order which plaintiff seeks to reverse by this writ of error.

Plaintiff contends that the trial court erred in entering the decree of June 26, 1925, vacating the decree of divorce entered in his favor October 17, 1921, without the personal service of notice upon him; and that, inasmuch as his bill of review stated a cause of action, it was error for the court to dismiss same on its own motion without hearing evidence.

Defendant's theory is that the court's action in permitting her to reopen the original divorce proceeding pursuant to and in conformity with section 19 of the Illinois Chancery Act, Cahill's St. ch. 22, ¶ 19, and in vacating plaintiff's decree of divorce and dismissing his bill for want of equity, was in full accord with the statute and the established law of the State, and that the court was entirely justified in dismissing the bill of review for want of equity and for want of jurisdiction because the bill itself disclosed that the final decree sought to be reviewed was properly entered in the divorce case.

In *Johnson Mfg. Co. v. Johnson Skate Co.*, 266 Ill. App. 130, this court, discussing the question and manner of filing bills of review, at pages 137 and 138, quoted *Harrigan v. County of Peoria*, 262 Ill. 36, as follows:

"For all practical purposes all bills of review or bills in the nature of bills of review are divided into three general classes: Bills for error appearing on the face of the decree, bills upon discovery of new matter, and bills based upon allegations of fraud impeaching the original decree. (Story's Eq. Pl. — 10th ed. — secs. 412, 426; 2 Daniell's Ch. Pl. & Pr. — 6th Am. ed. — chap. 33, sec. 5; *Griggs v. Gear*, 3 Gilm. 2; *Schaefer v. Wunderle*, 154 Ill. 577.) A bill of review for error apparent upon the face of the record or to impeach a decree for fraud may be filed without leave, but leave of court must be obtained before the filing

of a bill of review for newly discovered evidence; and such leave is also necessary where the averment of newly discovered evidence is united to or accompanied by a charge of fraud in obtaining the decree or united with allegations as to errors of law on the face of the record. 2 Beach's Modern Eq. Pr. sec. 868; 3 Ency. of Pl. & Pr. 586; *Glos v. People,* 259 Ill. 332; *Griggs v. Gear, supra; Schaefer v. Wunderle, supra.*"

The bill of review filed in this cause is a voluminous document which, with its attached exhibits, comprises 58 pages. It contains some allegations of fraud, apparently abandoned, as they are neither abstracted nor argued in plaintiff's brief. There is no pretension of newly discovered evidence as a basis for his bill of review. We will, therefore, have to concern ourselves in determining the questions presented solely with alleged "error appearing on the face of the decree" sought to be reviewed.

*Vyverberg v. Vyverberg,* 310 Ill. 599, declaring what errors may be considered as on the face of the record, held:

"On a bill of review for errors apparent on the face of the record the court is precluded from an investigation of the evidence, since the decree to be examined in such a case includes only the adjudication, pleadings and the facts as found in the original cause. (*Clark v. Waggoner,* 283 Ill. 199.) The questions open for examination are such questions as arise on the pleadings, proceedings and decree. (*Palenske v. Palenske,* 281 Ill. 574.) The question is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court correctly applied the law to the facts found by it. If the findings of the court upon matters of fact are not supported by the evidence, the remedy is by appeal or writ of error and not by a bill of review. (*Ebert v. Gerding,* 116 Ill. 216.)"

Defendant, protesting that she had received no notice of the commencement or pendency of the divorce proceeding against her either by mail, service of summons or copy of the bill, and that she had not received written notice of the entry of the original decree for divorce, clearly had the right within three years from the date of the decree to petition the court to reopen and vacate same in accordance with section 19, chapter 22, Cahill's (1923) Revised Statutes of Illinois, which reads as follows:

"When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant. . . ."

After service of notice upon Fred W. Story, solicitor for plaintiff in the divorce case, defendant was granted leave to file her petition to vacate the decree of divorce and to file an answer to plaintiff's bill of complaint. Her answer alleged, in addition to the matters set forth in her petition to vacate, that plaintiff did not at

the time he filed his bill, for one year prior thereto, or at any time, have a residence or domicile within the City of Chicago, or at any other place within the State of Illinois, and that she did not at any time desert him, but that by his cruel conduct he compelled her to leave him.

Plaintiff insists that in the progress of certain litigation in the State of New York between the parties to this proceeding defendant was apprised of McNab's Illinois divorce decree five months after its entry, and that she was, therefore, precluded under the statute quoted from any action to reopen the divorce case or to vacate the decree after the expiration of one year from that time. It is sufficient answer to this contention to state that nothing of this appears on the face of the record in the original divorce proceeding sought to be reviewed, and, therefore, it cannot be considered as such an error as would vitiate the decree of June 26, 1925. In any event, to bring defendant within the one-year limitation the statute specifically provides that she "shall within one year after notice in writing given . . . of such decree . . . appear in open court and petition to be heard touching the matter of such decree." It is not even suggested that she was ever given such notice in writing.

It is strenuously urged that it appears on the face of the record in the divorce proceeding that no notice was served on plaintiff of defendant's motion to vacate the decree or to place the cause on the trial calendar.

It will be noted that section 19, *supra,* does not provide for such notice but merely states that the aggrieved party "shall . . . appear in open court and petition to be heard touching the matter of such decree . . . . ." However, Justice Breese in passing upon this statute in *Bruen v. Bruen,* 43 Ill. 408, enunciated, we believe, sound legal doctrine when he said at page 411:

"It is apparent from the terms of this section, that no notice is required to be given to the party obtaining the decree, that a petition will be presented, the only condition appearing to be, the payment of such costs as the court may deem reasonable in that behalf. On general principles, however, we are inclined to think, notice should be given in every case before the rights of a party can be taken away. The time when the notice should be given is not material, so that the opposite party has it before the court acts. The petition may be first filed and then notice given afterward."

We are of the opinion that formal personal notice of defendant's motion to vacate the decree was not essential if it sufficiently appears from the face of the record that plaintiff had in fact received notice of the pendency of the motion to vacate.

Under the recognized authorities the service of notice of the motion to vacate accompanied by a copy of the petition and affidavit in support thereof almost three years after the entry of the decree of divorce on attorney Story, who represented plaintiff in the divorce proceeding, was not of itself sufficient notice to plaintiff to divest him of his rights. While Story appeared in open court and announced that he no longer represented plaintiff, we find him, however, present in plaintiff's behalf in practically every stage of the litigation between these parties, both in New York and Chicago, from February 18, 1920, when the original bill for divorce was filed, until the present time. Notwithstanding Story's vigorous protest that he no longer represented plaintiff when the notice of the petition to vacate the decree was served upon him, he appeared as one of plaintiff's solicitors in filing the instant bill of review and he appears here prosecuting this writ of error. Apart from and in addition to the notice served on Story the record shows definitely that plaintiff had actual notice of the petition to vacate the divorce decree. He filed his special appearance by

Meyer W. Rosin, his attorney, and made a motion October 24, 1924, to strike defendant's petition to vacate and her answer to his bill of complaint from the files. Again we find Story in the case with a four-page affidavit in support of plaintiff's motion. After this motion was denied by the court November 7, 1924, as far as the record shows the cause was abandoned by plaintiff. Inasmuch as more than eight months intervened between the date last mentioned and June 6, 1925, when the decree was entered vacating his divorce decree and dismissing his bill of complaint, plaintiff was afforded ample time to contest the petition to vacate on its merits if he had seen fit to do so. The filing of the special appearance by him conclusively evidenced the fact that he had notice and knowledge of the pendency of the petition to vacate and of defendant's answer, and, in our opinion, it matters not whether he received such knowledge through Story or some other source.

Instead of it appearing from the face of the record that plaintiff had no notice of the petition to vacate, we are constrained to hold that the record shows conclusively that he had notice of the petition to vacate the decree and defendant's answer to his bill of complaint in the divorce proceedings. Refusing to file his general appearance, plaintiff cannot predicate error on defendant's failure to serve him with notice to place the case on the trial calendar. In our opinion the chancellor was fully warranted in vacating the decree of divorce and dismissing the bill of complaint on the ground that the entire proceeding was conceived in and permeated with fraud.

The chancellor found in the decree of June 26, 1925, *inter alia*, that plaintiff's name was not John McNab, the name under which he filed his bill for divorce, but that it was John Dunsmure McNab; that both he and his wife since their marriage were invariably known as John and Selena Dunsmure; that defendant never

received notice of the pendency of the divorce action mailed to her under the name of Selena McNab, Butler, New Jersey; that plaintiff had boasted he had "put it over" on defendant by failing to give her legal and proper notice; that plaintiff was not at the time he filed his bill for divorce and never was a resident of the State of Illinois; and that defendant did not desert plaintiff as alleged in his bill and found in the original decree.

Plaintiff prosecuted his divorce action when his wife was not present to defend herself. When she filed her petition to vacate the decree of divorce and her answer to his bill of complaint the record discloses that he had full knowledge that the cause was at issue on its merits and that he avoided the hearing. After the final decree was entered vacating his decree of divorce no appeal or writ of error was taken or prosecuted to review it.

Proceedings concerning the marital difficulties of these parties have engaged the time and attention of the courts of New York and Illinois over a period of more than 14 years, and the time has arrived when this litigation should be effectively terminated. We are of the opinion that the trial court had no alternative but to vacate the decree of divorce and that plaintiff's contention that a cause of action was presented by his bill of review is without merit.

Other points have been urged, but in the view we take of this cause we do not deem it necessary to discuss them.

No error appearing on the face of the original record, the trial court was entirely justified in dismissing the bill of review.

For the reasons indicated the decree or order dismissing the bill of review is affirmed.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.