SAMUEL P. WALKER *et al.*

*v.*

ROBERT M. DOUGLAS *et al.*

1. PURCHASER *pendente lite—of his rights as against others holding under the decree.* A conveyance of land by a defendant in a bill in chancery, brought for the specific performance of a contract to convey the same land, during the pendency of the suit, is entirely inoperative as against any rights the complainant may establish. Such a conveyance would be entirely subordinate to the deed made in pursuance of the final decree of the court.

2. BILL OF REVIEW—*grounds for.* The fact that the defendants in a bill for the specific performance of a contract to sell and convey real estate *pendente lite,* conveyed the property to a stranger, in order to put it out of their power to comply with any decree against them, which action on the part of the defendant was unknown to the court, and was not the ground for the dismissal of the bill, is no ground for granting leave to file a bill of review to revise the former decree.

3. SAME—*for newly discovered matter.* In order to justify a bill of review for newly discovered matter, it is necessary that the new matter should not be cumulative merely, and it must be such as would have produced a different result had it been known and brought before the court.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

At the May term, 1877, of the Superior Court of Cook county, S. P. Walker and others presented to that court a petition for leave to file a bill of review, stating that about November, 1867, petitioners (heirs of J. Knox Walker, deceased,) filed their bill in chancery against Robert M. Douglas and others, (heirs of Stephen A. Douglas, deceased,) asking the specific performance of a contract made between Stephen A. Douglas and J. Knox Walker, for the sale of certain lands, and for general relief; and that about the 21st of January, 1873, complainants in that suit filed a supplemental bill, charging that the price of the lands so sold was $8000, secured by four promissory notes; that three of the notes had been paid, and that the fourth had been assigned and sold to

strangers. Complainants in that bill offered to pay the unpaid note if it were produced. Answers were filed, and issues formed and proofs taken; when, upon a hearing in that court, it was decreed that the bill should be dismissed. From that decree an appeal was taken to the Supreme Court, and afterwards, in January, 1875, by the judgment of the Supreme Court, the decree of the Superior Court was affirmed.

This petition for leave to file a bill of review further charged that the decree was erroneous, and ought to be reviewed and revised, and set aside for errors apparent upon the face of the record, which were set out specifically in the petition.

The petition further states, that after the answers were filed in the original chancery suit, and before the decree, and about the 18th of April, 1873, the defendants, in whom the legal title to the land vested, with intent to put it out of their power to execute any decree for specific performance in the premises which might be made in that suit, and without any notice to complainants in that suit or their attorneys, and without their knowledge, conveyed by quitclaim deed the land in question to Cornelius, who became the purchaser thereof pending that suit.

Upon the presentation of this petition for leave to file a bill of review, and its hearing and consideration by the Superior Court, it was ordered that the same be denied, and from that order the petitioners appeal to this court.

Messrs. MORRIS, MCRAE & SINGLETON, for the appellants.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The only ground upon which it is seriously contended by counsel for appellants that the court below erred in denying this petition is, that the newly discovered matter presented in the petition was such as to require the court to give leave to file the bill of review. It is conceded that, for such purpose, it is necessary that the new matter should not be cumulative merely, and must be such as would have produced a different

result. It is, however, strenuously insisted that the mere fact that the defendants in the original bill made conveyance of the property in question during the pendency of that suit, without leave of the court, without the knowledge of the parties, and without notice to the parties, was a fact which, if known before the entering of the final decree in the original suit, and brought to the attention of the court, would have produced a different result. This position we think is entirely untenable. A conveyance by a defendant in a bill in chancery brought for a specific performance of a contract to convey real estate, is entirely inoperative as against the rights of the complainants. The defendants in that suit, if they felt confident of final success, and if they found a purchaser who was willing to take the risk of their final success, might well make the sale of the property. The rights of the complainant could not in any contingency be affected thereby. It is said that they thereby rendered themselves incapable of performing the decree for the specific performance by conveying the property to the complainants in the original suit. This is a misapprehension. Their deed made *pendente lite*, as already stated, could not be operative as against the final decree of the court, and would be entirely subordinate to the deed made in pursuance of the final decree of the court, had the decree been in favor of a specific performance.

The judgment of the court below must be affirmed.

*Judgment affirmed.*