## Simon L. Elzas v. Ada Elzas.

1. BILLS OF REVIEW—*On Newly-Discovered Evidence.*—To entitle a litigant to a bill of review on the ground of newly-discovered evidence, it must generally relate to a matter in issue on the trial; not to make a new case, but to establish the old one: not be cumulative merely, nor simply to impeach former testimony in the case.

2. SAME—*A Matter of Discretion.*—The granting of leave to file a bill of review is not a matter of right, but one of sound discretion in the court, to be exercised cautiously and sparingly.

**Order Denying Leave to File a Bill of Review.**—Appeal from the Circuit Court of Cook County: the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 22, 1899.

**Statement.**—Appellee was divorced from appellant January 22, 1897, being awarded by the decree the custody of her child, and alimony and solicitor's fees, which was on appeal affirmed by this court (72 Ill. App. 94), and also by the Supreme Court (171 Ill. 632). Before perfecting his appeal, appellant filed a petition in the Circuit Court, praying leave to file a bill of review to have said decree reviewed, reversed and set aside, and in support thereof also filed certain affidavits. No further step was taken until the decision of the Supreme Court had been rendered, when appellant filed a supplemental petition February 21, 1898, setting forth his appeals to this and also to the Supreme Court, and alleging that appellee "was financially irresponsible." The original petition sets forth in detail certain matters with reference to which it is alleged that appellee on the trial of her suit for divorce before the Circuit Court testified falsely, viz.: first, as to the giving by appellant to appellee of his photograph soon after their marriage; second, as to the date of birth and name of their child; third, as to her being a chaste, faithful and dutiful wife, or in other words, had not been guilty of adultery; fourth, as to appellant's introducing appellee as his wife to Joseph F. Ullman; fifth, as to their marriage being a common law marriage. Also, that

appellant was surprised by the evidence of appellee to the effect that there had been a common law marriage between him and her, whereas he had expected she would attempt to prove that the marriage was solemnized by a minister, and he relied wholly on the defense that no marriage had in fact taken place. After the filing of the supplemental petition there were also filed further affidavits in support of the petition and affidavits in opposition thereto. The chancellor also, of his own motion, called as a witness R. A. Wade, who was appellant's solicitor on the trial of the divorce suit in the Circuit Court, and took his testimony. After a consideration of the petition, affidavits in support thereof, testimony taken in open court, and affidavits in opposition thereto, the chancellor denied the petition, and appeal is taken from the order in that respect made April 19, 1898. It appears from the record that an order was entered February 21, 1898, allowing appellant leave to file a bill of review on depositing with the clerk of the court all moneys due under the decree, but this order—for what reason does not appear—was set aside and vacated February 28, 1898. The hearing was had on April 19, 1898, which resulted in the order denying the petition, and from which the appeal is prosecuted.

B. M. SHAFFNER, attorney for appellant.

A bill of review may be founded upon newly-discovered facts, and when thus founded it may be brought as well after as before the affirmance of the original decree. Slason v. Cannon et al., 19 Vt. 219; Campbell v. Price et al., 3 Munf. (Va.) 227; 3 Daniel's Ch. Pr. 1733; Story's Eq. Pl., Sec. 418; Cooper's Eq. Pl., Sec. 91.

JOSEPH WRIGHT, attorney for appellee.

The rule of law is well settled, that in order to file a bill of review on the grounds of newly-discovered evidence, it must be of an important and decisive character, and refer to the matters in issue in the old suit; and not evidence that is merely cumulative, nor evidence that tends simply

to impeach testimony given in the former case. Griggs v. Gear, 3 Gil. 2; Garrett v. Moss, 22 Ill. 363; Turner v. Berry, 3 Gil. 541; Judson v. Stevens, 75 Ill. 255; Boyden v. Reed, 55 Ill. 459.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

We are of opinion the chancellor did not err in denying appellant's petition.

To entitle a litigant to a bill of review on the ground of newly-discovered evidence, it must generally relate to a matter in issue on the trial, not to make a new case, but to establish the old one; it must not be cumulative merely, nor simply to impeach former testimony in the case. Story's Eq. Pl., Sec. 413; 2 Barbour's Ch. Pr. 92; Dexter v. Arnold, 5 Mason (C. C. U. S.), 303–13; Boyden v. Reed, 55 Ill. 458; Walker v. Douglass, 89 Ill. 425; Aholz v. Durfee, 122 Ill. 286.

As to whether the newly-discovered evidence must relate to a matter in issue on the trial, we are aware there is a conflict of authority (see Story's Eq. Pl., Sec. 416 and 2 Dan. Ch. Pr. 1572), but we will follow the rule as stated by the Supreme Court in the Boyden case, *supra*, to the effect that it must not be to make a new case, but to establish the old one. All the alleged newly-discovered evidence relating to the first, second, fourth and fifth points made by appellant's petition is merely cumulative in its nature, and by way of impeachment of appellee's testimony given on the trial. It is unnecessary to set it out in detail. It is not conclusive in its nature, and would not necessarily nor probably have produced a different result had it been before the chancellor, and especially is this true with reference to the photograph and date of the birth and name of the child, which were of slight importance.

As to the third point, we are of opinion that whether or not appellee had been guilty of adultery was not in issue on the trial; and even if appellant had offered evidence to show it, it could not have been properly received under the pleadings. There is no allegation in the bill that appellee

had been a chaste, faithful and dutiful wife, as claimed by
appellant, and the nearest approach to such an allegation
is that she "faithfully performed all her duties and obliga-
tions as a wife." The answer makes no charge of adultery
against appellant, but states "that he denies each and every
allegation in said bill contained," and then proceeds to deny
the marriage, that a child was born to him and appellee,
and that he was the owner of a large amount of property
and was in receipt of a salary of $10,000 per year. This
being the state of the pleadings, proof of appellee's adultery
would not have been admissible. Home Ins., etc., Co., v.
Myer, 93 Ill. 271–4; Johnson v. Johnson, 114 Ill. 611–22.

In the former case the court say :

"It is a familiar rule of equity pleading, that a defend-
ant is bound to apprise the plaintiff, by his answer, of the
nature of the case he intends to set up (and that, too, in a
clear, unambiguous manner); and that a defendant can not
avail himself of any matter in defense which is not stated
in his answer, even though it should appear in his evi-
dence."

This rule is especially applicable to divorce cases and where
the defense is recriminatory. 2 Bishop on Mar. & Div.,
Secs. 619 and 636, and cases cited.

The adultery of appellee not being an issue before the
trial court, the alleged newly-discovered evidence set out
in the petition would not be a proper matter for considera-
tion on a bill for review. As to the claim that appellant
was surprised by the evidence of appellee to the effect there
was a common law marriage, and that he relied wholly on
his defense that there had never been a marriage, it is suf-
ficient to say that appellant's surprise was not made known
to the chancellor, and no continuance was asked in order to
meet that proof. Moreover, it appears from the testimony
of Wade and the counter affidavits, that appellant's solicitor
was aware some time prior to the trial, and even before the
bill was filed, that appellee would probably make proof of
a common law marriage. But it is claimed that the chan-
cellor should not have considered the counter affidavits nor
the testimony of Wade. We can not assent to this conten-

tion.  They were at least competent to be considered as to whether the evidence claimed to be newly discovered was in fact new, and also to explain the alleged new evidence. Dexter v. Arnold, 5 Mason, 303; 2 Barbour's Ch. Pr. 95; Society of Shakers v. Watson, 77 Fed. Rep. 512–16; Long v. Granberry, 2 Tenn. Ch. 85–96.

We have, however, carefully considered all the affidavits for and against the petition and the testimony of Wade, taken in open court, and can not say that the chancellor should not, on the evidence, have denied the petition, considering it only with reference as to whether it was newly discovered, whether appellant might not have discovered it in time for the trial had he exercised reasonable diligence, and as to its nature, whether cumulative simply or decisive and conclusive in character.  The granting of such a petition is not a matter of right in the party, but of sound discretion to the court to be exercised cautiously and sparingly."  Craig v. Smith, 100 U. S. 226; Watson case, *supra.*

Our Supreme Court, in Schaefer v. Wunderle, 154 Ill. 581, say :

" Leave to file a bill of review for ' newly-discovered evidence ' is not granted as matter of right, but depends upon the sound discretion of the court to which the application is made.  *  *  *  Unless there has been an abuse of the fair discretionary power with which the Circuit Court has been invested in the matter of sucy applications, its decision should not be disturbed."  See also Stockley v. Stockley, 93 Mich. 308.

The order denying the prayer of the petition for leave to file a bill of review is affirmed.