SIMON L. ELZAS

*v.*

ADA ELZAS.

*Opinion filed December 18, 1899.*

1. REVIEW—*leave to file bill of review is not granted as matter of right.* Leave to file a bill of review for newly discovered evidence is not granted as a matter of right, but rests in the sound discretion of the court to which the application is made.

2. SAME—*newly discovered evidence must not be merely cumulative.* To warrant the granting of leave to file a bill of review the newly discovered evidence relied upon must not be merely cumulative, but must be of such an important character as would apparently have effected a different result had it been known and produced.

3. SAME—*petition for leave will not be granted except on affidavit.* A petition for leave to file a bill of review will not be granted except upon affidavit satisfying the court that the alleged newly discov-

ered evidence was not known to the petitioner, and could not have been discovered and produced by him by the exercise of reasonable diligence, before the entry of the decree sought to be reviewed.

4. SAME—*affidavits of witness must be filed in support of averments of petition.* A petition for leave to file a bill of review must distinctly state the newly discovered evidence relied upon, and the affidavits of witnesses must be filed in support of the averment.

5. SAME—*new evidence must relate to the matter in issue on hearing.* Newly discovered evidence relied upon to establish the petitioner's right to file a bill of review must be such as relates to a matter in issue on the hearing, and not such as will make a new case.

*Elzas* v. *Elzas*, 83 Ill. App. 519, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

B. M. SHAFFNER, for appellant.

JOSEPH WRIGHT, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree was entered January 22, 1897, in the circuit court of Cook county, in favor of appellee, divorcing her from appellant on the ground of desertion. Appellant prayed an appeal from that decree, and also filed his petition for leave to file a bill of review on the ground of newly discovered evidence. He did nothing further with his petition but removed the record to the Appellate Court, where the decree was affirmed. He then took a further appeal to this court, and the judgment of the Appellate Court was affirmed by this court February 14, 1898. (*Elzas* v. *Elzas*, 171 Ill. 632.) After such final affirmance of the decree he filed in the circuit court, February 21, 1898, a supplement to his petition and asked the court to set aside the decree. The circuit court denied his petition, and he prosecuted an appeal from that order to the Appellate Court, where it was affirmed, and he now

brings the case made by the petition to this court by a further appeal from the Appellate Court.

Leave to file a bill of review for newly discovered evidence is not granted as a matter of right, but granting or refusing such leave rests in the sound discretion of the court to which the application is made. The newly discovered evidence upon which the court is asked to review and reverse the former decree must not be cumulative, and must be of an important and decisive character, if not conclusive. It must be such as would apparently have produced a different result had it been known and brought before the court. (*Griggs* v. *Gear*, 3 Gilm. 2; *Walker* v. *Douglas*, 89 Ill. 425.) The petition will not be granted except upon affidavit satisfying the court that the alleged new matter was not known to the petitioner, and could not have been discovered and produced or used by him by the exercise of reasonable diligence, before the entry of the decree sought to be reviewed. The newly discovered evidence must be distinctly stated and the affidavits of witnesses must be filed in support of the averment. (*Schaefer* v. *Wunderle*, 154 Ill. 577.) If the petitioner has been negligent in discovering and producing the evidence at the former hearing his negligence will bar any relief. He must show that the evidence was such that with the use of reasonable diligence he could not have known of it before the hearing, and the general rule is, that evidence which tends simply to impeach testimony given on the hearing will not be sufficient to sustain a bill of review. (*Boyden* v. *Reed*, 55 Ill. 458.) When the petition is presented the court considers its statements, and the affidavits in support of it, and the record in the original case. The court then, upon looking at the whole case, exercises a sound judicial discretion, and unless such discretion has been abused the decision will not be disturbed. "The true rule would seem to be, that unless there has been an abuse of the fair discretionary power with which the circuit court has been invested in the

matter of such applications its decision should not be disturbed." *Schaefer* v. *Wunderle, supra; Stockley* v. *Stockley,* 93 Mich. 307.

Petitioner met the charge of desertion contained in the original bill with a denial of his marriage to the complainant, and that was the controverted fact in the case. There is no new evidence offered on that subject: There is an affidavit of William T. Hall, a justice of the peace of Cook county, that complainant testified in a suit before him that she was the wife of petitioner and was married by a marriage ceremony. She was examined on that subject at the hearing and did not deny that she had so testified, and her counsel admitted it. The justice of the peace lived in Chicago, where the hearing took place, and had agreed to come on a telephone message, but the fact that complainant had testified as claimed having been admitted, petitioner's solicitor did not think it worth while to telephone. The birth of a child of the parties at Toronto was alleged in the bill and there was testimony of the fact. One of the grounds of the petition is the alleged newly discovered evidence that the child was born in June instead of July, 1886, and was registered under the name of Taylor. The supposed evidence does not comply with the above rule requiring an affidavit, but consists merely of a telegram signed W. Stark and directed to W. A. Pinkerton, and, aside from its not being an affidavit, it is totally insufficient as a statement of any fact. If there was a registry of births in Toronto, petitioner does not show the slightest cause for not ascertaining what it was and bringing it before the court in a proper form. On the hearing, complainant testified that petitioner gave her his photograph, and the petition alleges that the photograph was made at a later date and that it was taken from petitioner's trunk at a hotel in Chicago. He testified in the same way at the hearing, and the evidence was merely cumulative and neither important nor decisive in character. Again, there is an

affidavit of Joseph F. Ullman that complainant was not introduced to him and his wife as petitioner's wife, as complainant testified on the hearing. That evidence is cumulative, and it is not denied that Ullman wrote a letter to complainant, which was in evidence on the hearing, addressing her as petitioner's wife and enclosing money at the request of petitioner. The evidence, if produced, would be of little consequence in view of such fact.

The remaining ground upon which petitioner asked the court to review and reverse the decree was that complainant had been guilty of adultery during the marriage. That defense to the bill was not set up by the petitioner nor made an issue in the case in any manner, and the rule is that the newly discovered evidence must be such as relates to a matter in issue on the hearing,—not evidence to make a new case, but to establish the old one. (*Boyden* v. *Reed, supra.*) Aside from that rule, the petition fails to comply with the requirement of showing that petitioner could not have discovered the testimony, by the use of reasonable diligence, in time for the hearing. The bill was filed September 11, 1896,—more than four months before the hearing. He was served with process and appeared and filed his answer. He had ample time to hunt up any defense that he might have had. He was not hindered in any manner from making any investigation of the life or associations of his wife that he saw fit. The source of the alleged new evidence is two abandoned women with whom the petitioner was well acquainted. One of them was the woman whose house he had frequented, where the complainant lived before the marriage. The other one had entrusted her two children to the complainant about two years before the hearing, and she had boarded and cared for them for one year and the witness had frequently visited them. These women lived in Chicago and were known to petitioner, and were persons of whom he would naturally make inquiries touching his alleged defense. The avenues of information

were open to him as fully during the four months before the trial as afterward. He says in his petition that he was surprised at the testimony of a common law marriage at the hearing, but if so, no application for a continuance was made. No excuse whatever is offered for having hunted up this alleged defense after the hearing instead of before, nor any explanation given that would excuse him.

The petition does not show any sufficient reason for granting leave to file a bill of review or for opening the decree. This is the necessary conclusion from the petition and the affidavits filed in support of it, in connection with the record in the original case, without considering the affidavits contradicting the newly discovered evidence. Whether the filing of such affidavits was proper we need not consider.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*