## Lloyd Rowan v. First National Bank of Shawneetown, et al.

1. DECREE BY CONSENT—*when, not disturbed upon bill of review.* Where a decree of foreclosure has been entered pursuant to an agreement by which it was intended by all parties to settle and adjust all matters of difference and account and to determine and settle the status of the indebtedness between the complainant and the defendants, it will not be set aside upon a bill of review.

2. BILL OF REVIEW—*when, lies upon ground of fraud.* To maintain a bill of review and open a decree upon the ground of fraud, the allegation must be specific in fact and circumstance that the court may determine on demurrer whether there is sufficient ground for the relief prayed, and whatever the complaint, if it appears that the complainant was heard as to matters complained of, or had opportunity to be heard in the original proceedings, the decree will not be disturbed. The charge must be coupled with a tender of proof sufficient to sustain it, and this must be alleged under specification that the court may determine its value. Particular facts relied upon must be supported by the affidavit of witnesses by whom such proof can be made.

3. BILL OF REVIEW—*when, does not lie.* A bill of review does not lie to vacate on review a decree entered by consent, unless such consent was obtained by fraud or mistake.

4. BILL OF REVIEW—*when leave to file, is essential.* Leave so to do should be obtained before filing a bill to review a decree upon grounds of fraud and newly-discovered evidence.

Proceeding to review decree. Error to the Circuit Court of Gallatin County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

JESSE E. BARTLEY and GEORGE B. PARSONS, for plaintiff in error.

C. S. CONGER, for defendants in error.

MR. JUSTICE MYERS delivered the opinion of the court.

On the 13th day of January, 1900, Lloyd Rowan filed a bill of review in the Circuit Court of Gallatin County to vacate and set aside a consent decree for foreclosure, entered at February term, 1899, of said court, to annul a prior agreement of settlement made between himself and other

parties to this bill, February 21, 1895, and for an accounting. Demurrer to the bill, as afterward amended, was sustained, and a decree entered dismissing the bill for want of equity. The case is brought to this court on writ of error by complainant.

It appears from the face of the bill, and to this we are confined, that prior to the month of February, 1895, the complainant, Thomas S. Ridgeway, since deceased, and the First National Bank of Shawneetown, defendant herein, were engaged in business transactions out of which had arisen differences, demands, dispute and litigation involving large sums of money; that on February 21, 1895, an agreement and contract under seal was entered into, the scope and purpose of which is expressed in the following preamble:

" Whereas, certain differences have arisen between the parties hereto in respect to certain demands, claims, actions and causes of action held and claimed by the said first parties against the said second parties and in respect of certain accounts, notes, mortgages and judgments, actions and causes of action held and claimed by the said second parties or by one of them against the said first parties or one of them, and in respect of the title to certain real estate held and claimed by the said Thomas S. Ridgeway, one of the parties of the second part; and, whereas, certain suits are pending in the Circuit Court of Gallatin County, Illinois, wherein the parties of the second part or one of them are plaintiffs and the parties of the second part or one of them are defendants. And, whereas, the parties hereto are desirous of making an amicable settlement of all their differences and avoiding further litigation in respect thereof, it is therefore agreed between the parties aforesaid as follows."

The parties to this agreement were complainant and wife, Harriet S. Rowan, of the first part, and First National Bank, defendant, and Thomas S. Ridgeway, of the second part. As indicated by the above recital, the agreement was comprehensive and intended by all the parties as a final, full and complete settlement of all matters of dispute between them, and to be an adjustment of their accounts and respective liabilities. Pursuant of the agreement,

complainant gave to the bank his notes aggregating $11,000, secured by a mortgage in which his wife joined. On the other hand, the bank and Ridgeway dismissed suits pending against complainant and paid the costs, satisfied judgments of record standing in their favor, released and satisfied the Wiederhold mortgage held by Ridgeway, and conveyed to complainant certain real estate. In April, 1896, the bank and Ridgeway, holders of the notes for the $11,000 mentioned, filed a bill to foreclose said mortgage. Complainant and wife, defendants in said foreclosure proceedings, filed separate answers to said bill at September term of court, 1896, in which liability was denied and the notes and mortgage impeached for want of consideration. It was also claimed and set up in the answer, that signature to said note and mortgage was obtained by duress. A cross-bill was filed representing the facts in defense, covering matters in dispute at the time of the settlement, February 21, including the payment and application of the $44,000 item covered by the receipt of April 15, 1891, to which reference is made by the bill in this case, and with a prayer for discovery and affirmative relief in all respects substantially as prayed in the present bill. Separate answers to the cross-bill were filed by Ridgeway and the bank in which the agreement of February 21, 1895, is set out and relied upon as a defense. Pending the foreclosure suit, Thomas S. Ridgeway, complainant, died, and on February 8, 1898, his executors were substituted. At the February term, 1899, by agreement of the parties represented by counsel, and in open court, a decree was entered confirming the agreement of February 21, 1895, and in formal manner it was ordered and decreed, "that by force of said articles of agreement the claim of the defendants (Lloyd Rowan and Harriet S. Rowan) for money paid to the said Thomas S. Ridgeway, in his lifetime, and all other demands and actions and causes of action of said defendants or either of them as set up in their several answers * * * and bills were fully and altogether compromised, adjusted and settled and said defendants are bound thereby."

We are of opinion that the bill in this case is without merit, and that the Circuit Court rightly sustained the demurrer. From the presentation by this record there can be no question that the decree in foreclosure, entered by agreement, is conclusive of all matters sought to be relitigated by bill of review. The purpose of the agreement of February 21, 1895, and of the foreclosure of February 15, 1899, was comprehensive, and by these it was intended by all the parties to include all matters of accounting and difference, and to determine and settle the status of indebtedness between the complainant and defendants. It is well established that to maintain a bill of review and open a decree on a charge of fraud, the allegation must be specific in fact and circumstance that the court may determine on demurrer whether there is sufficient ground for the relief prayed. And whatever the complaint, if it appears that the complainant was heard as to matters complained of, or had opportunity to be heard in the original proceedings, the decree will not be disturbed. The charge must be coupled with a tender of proof sufficient to sustain it, and this must be alleged under specification that the court may determine its value. Particular facts relied upon must be supported by the affidavit of witnesses by whom such proof can be made. Lewis v. Topisco, et al., 201 Ill. 320; Elzas v. Elzas, 183 Ill. 132.

The particular charge of fraud by representation or concealment is alleged to have grown out of the $44,000 transaction, evidenced by the Ridgeway receipt of April 15, 1891, nearly four years before the compromise agreement, and nearly nine years prior to the consent decree. Whatever the partnership or confidential business relationship between the complainant and Ridgeway at that time, it certainly was considerably strained intervening the final settlement by the decree. That the complainant did not rely upon the representations of Ridgeway as to the amount of indebtedness between them, conclusively appears from the character of the controversy shown by the bill. It is not apparent that complainant was influenced through con-

fidence and reliance upon Ridgeway to sign the agreement of 1895. However that may have been as to that agreement, it is wholly improbable that complainant should have again been duped and overreached at the end of a long and acrimonious litigation about this identical transaction.

There is not sufficient in the charge of fraud, misrepresentation, or duress, to maintain this bill even under the most liberal construction. Strictly speaking, this is a bill of review upon the ground of fraud and newly-discovered evidence. Leave of the court to file the bill should first have been obtained. Timely objection and motion by defendant to dismiss for want of such leave would perhaps have obviated all the subsequent pleading. Schafer v. Wunderle, 154 Ill. 577. A bill of review does not lie to vacate or review a decree entered by consent, unless the *consent* of the parties was obtained by fraud or mistake. Cox v. Lynn, 138 Ill. 195. A mistake of facts upon which the decree was found, or fraud in transactions pertaining to the rights of the parties litigant, may not be reached on bill of review. It is only the fraud or mistake that is the procuring cause of the consent that will avail. Applied to this case, the newly-discovered evidence, if sufficient, only went to the question of the sum due under the mortgage, and within the rule in Cox v. Lynn, *supra*, would be precluded. At most, the evidence was cumulative and under any rule would not sustain the bill, and as we have already stated, before the representation of newly-discovered evidence may be considered in any case, it must be supported by the affidavit of witnesses.

It was not error in the Circuit Court to sustain the demurrer and dismiss the bill for want of equity.

*Affirmed.*