## Carl Karsten v. Henry Winkelman et al.

### Gen. No. 12,464.

1. FREEHOLD—*when not involved.* An appeal from an order deny-
ing a motion for leave to file a bill of review does not involve a free-
hold.

2. FREEHOLD—*when not involved.* A freehold is not involved unless
the necessary result of the judgment or decree of the court is that one
party gains and the other party loses a freehold estate, or unless the
decision of the case necessarily involves that issue.

3. FREEHOLD—*when not involved.* If a freehold is not involved in
the points assigned for error, the appeal is properly taken to the Appel-
late Court.

4. BILL OF REVIEW—*when leave essential to right to file.* Where a
bill of review sought to be filed is predicated upon newly discovered
evidence, leave to file is essential to its maintenance.

5. BILL OF REVIEW—*what considered upon application for leave to
file, predicated upon newly discovered evidence.* In passing upon a mo-
tion for leave to file a bill of review predicated upon newly discovered
evidence, the chancellor will consider the petition, the original bill, the
reasons why such evidence was not presented in the original suit and
the character and effect of such alleged newly discovered evidence.

6. BILL OF REVIEW—*when action of court in denying leave to file,
will not be reversed.* The action of the court in denying an application
for leave to file a bill of review predicated upon alleged newly discov-
ered evidence, will not be reversed unless it appears that the discretion-
ary power exercised by the chancellor has been abused.

7. BILL OF REVIEW—*what precludes right to file, predicated upon
newly discovered evidence.* Where it appears upon the application for
leave to file a bill of review predicated upon alleged newly discovered
evidence that the petitioner has not been diligent and was not diligent
in seeking to produce such evidence at the original hearing, the appli-
cation should be denied.

8. BILL OF REVIEW—*when newly discovered evidence not sufficient to
justify.* Newly discovered evidence of a purely cumulative character
does not justify the filing of a bill of review and will not sustain the
same.

Bill of review. Error to the Circuit Court of Cook County; the Hon.
RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the
October term, 1905. Affirmed. Opinion filed May 7, 1906.

**Statement by the Court.** March 15, 1890, August
Hacker conveyed the north eighteen acres of a forty-acre
tract, which was his homestead, to his wife, Johanna Maria

Hacker, and the remaining twenty-two acres thereof to Wilhelmina Sauer, who had lived in his family for many years, and was reputed to be his daughter by a former wife. August Hacker died February 23, 1898. In August, 1899, his widow conveyed said north eighteen acres to Carl Karsten, the plaintiff in error. January 26, 1901, Wilhelmina Sauer deeded this same eighteen acres to the defendants in error. February 2, 1901, defendants in error filed a bill in the Circuit Court of Cook County against plaintiff in error to set aside the deed from said August Hacker to his wife, Johanna Maria Hacker, and the deed from her to the plaintiff in error. It was alleged that the deed to said wife was never delivered, and that the land conveyed thereby was the homestead of said August Hacker and his wife, and was of less than $1,000 in value; that upon the death of said August, the deed to his wife being invalid, the title to said land descended to his daughter, Wilhelmina Sauer, his only child and heir, no children having been born to said August and Johanna, and that said Wilhelmina had conveyed said premises to them. The answer of plaintiff in error called for strict proof that said Wilhelmina was the only child and heir at law of August Hacker, and admitted that said premises were occupied by said Hacker and his wife as a homestead, and that Karsten was in possession of the same at the time the answer was filed. The issues were made up, the case was referred to the master, and evidence was taken, but two and one-half years passed after the bill was filed before a decree was entered in the case. Wilhelmina Sauer appeared before the master and testified that she was the child of August Hacker by his first wife, and his only heir at law. The chancellor found the issues for the complainants, here the defendants in error, and directed said Karsten to surrender possession of said premises to them and to pay the costs. An appeal was taken to the Supreme Court, where the decree of the court below was affirmed. Karsten v. Winkelman, 209 Ill. 547. In that case it was decided that in order to show the deed conveying the homestead passed any interest in

the land, it was the duty of Karsten to make proof of the value of the premises if they exceeded $1,000 in value, and having failed to do so, it was not error to find the fee in the whole premises in defendants in error. This opinion was handed down April 20, 1904, and a rehearing was denied therein June 9, 1904. Thirty-four days thereafter plaintiff in error petitioned said Circuit Court for leave to file a bill of review of said decree. This petition recites the proceedings in the original cause; that Wilhelmina Sauer testified in said cause that she was the only daughter and heir at law of August Hacker; that such testimony was false and fraudulent; that said Wilhelmina Sauer was not born of lawful wedlock as the daughter of August Hacker, nor was she ever legitimized by adoption or otherwise, and is not the heir at law of said August Hacker, and took nothing by descent from him, and therefore defendants in error had no title to said premises on which to base or to maintain said original suit; and that the decree of the Supreme Court rests entirely on the proposition that said Wilhelmina was the daughter and only heir at law of said August Hacker. The petition further alleges that the complainants in the original bill are minors and insolvent, and can repudiate their actions when they come of age, and therefore petitioner is without any other remedy; that immediately subsequent to the entry of said first decree petitioner heard for the first time that Wilhelmina Sauer was not the legitimate daughter and heir of August Hacker, and "that he immediately began to investigate and found the facts true," and if allowed to file his bill can prove the same, etc. The prayer is for leave to file a bill of review, etc. There follows a copy of the original bill of complaint; the answer of Karsten thereto; the decree of the chancellor; the opinion of the Supreme Court in said cause; the certificate of the birth of one Caroline Fredericke Wilhelmina Ritter, daughter of unmarried Christiana Caroline Fredericke Ritter; and the affidavits of Carl Karsten and William Muensel. Defendants in error appeared and objected to the granting of the prayer of the petition. The

court upon hearing refused to grant leave to file the bill of review. This writ of error was then sued out.

ELA, GROVER & GRAVES, for plaintiff in error; WALTER H. ECKERT, of counsel.

JAMES FRAKE, for defendants in error.

MR. JUSTICE BALL delivered the opinion of the court.

Defendants in error filed a motion to dismiss this writ of error for want of jurisdiction in this court, for the reason that a freehold is involved in the final order. It is true that the original suit involved a freehold, and that if plaintiff in error is allowed to file and prosecute his bill of review that a freehold will be again in question, but this appeal is from the order entered by the Circuit Court overruling the motion of plaintiff in error for leave to file such bill of review. If the plaintiff in error is granted all that he asks from this court he will be given nothing more than leave to file his bill of review. A freehold is not involved unless the necessary result of the judgment or decree of the court is that one party gains and the other loses a freehold estate, or unless the decision of the case necessarily involves that issue. Malaer v. Hudgens, 130 Ill. 225; Van Meter v. Thomas, 153 Ill. 65. If a freehold is not involved in the points assigned for error, the appeal is properly taken to this court. Douglas Park Bldg. Ass'n v. Roberts, 218 Ill. 456. The assignment of errors in this case contains no reference to a freehold, nor is that question before us upon this writ of error. The motion to dismiss the writ for want of jurisdiction is therefore denied.

Plaintiff in error contends that he might have filed his bill of review without having obtained leave to do so from the Circuit Court. We think this is a mistaken view of the law. 2 Beach Mod. Eq. Pr., Sec. 866, p. 852, says: "For error apparent on the face of the decree a bill of review may be filed without leave; but a bill of review on the ground of newly discovered matter can only be filed on special leave, which depends on the sound discretion of the court to which the application is made."

"A supplemental bill in the nature of a bill of review cannot be filed without special leave of the court first obtained." 1 Barb. Chy. Pr. (ed. 1843), p. 364.

In Griggs v. Gear, 3 Gilm. 11, the Supreme Court say: "A party may bring a bill of review *for error apparent,* as a matter of right, without the leave of the court; but allowing a bill of review for newly discovered evidence, rests in the sound discretion of the court." To the same effect is Schaefer v. Wunderle, 154 Ill. 581, where the court say: "We are inclined to think that cases may arise where a bill of review upon new-discovered evidence may be permitted, even after an affirmance of the decree here. (Story's Eq. Pl., Sec. 418; Adams Eq., marg. page 417.) But in such cases application for leave to file must be made to the Court of Chancery where the decree was originally rendered, and not to this court." See, also, Cole v. Littledale, 164 Ill. 632.

The petition in this case is not based upon apparent error, but is founded upon newly discovered evidence. It follows that the right to file it rested in the sound discretion of the chancellor, and therefore application must be made to him for leave to file the petition.

In passing upon the motion for leave to file, the chancellor will consider the petition, the original bill, the reasons why such evidence was not presented in the original suit, and the character and effect of such alleged newly discovered evidence, and then exercise his discretion. The conclusion to which he comes will not be lightly disturbed by an appellate tribunal. Unless it appears that this discretionary power has been abused, we cannot disturb the conclusion of the trial court in this regard. Elzas v. Elzas, 183 Ill. 134. Considering the whole record, we approve the finding of the chancellor that plaintiff in error did not present such a case as gave him the right to file a bill of review.

There is another ground upon which the order entered in this case must be affirmed. The prayer in the petition is based upon the allegation that Wilhelmina Sauer in the original case testified falsely that she was the only child

Karsten v. Winkelman.

and heir at law of August Hacker, and that the falsity of such evidence was not known to the petitioner until after the final decree was entered therein. This was the main issue in that litigation. It was presented in the bill, and proof of it demanded by the answer. She gave her testimony nearly eighteen months before the decree was entered by the chancellor. It is somewhat strange that the neighbors and friends of the plaintiff in error did not become voluble until after that issue was finally decided. But passing that question, which raises a serious doubt as to the diligence of the plaintiff in error (Watts v. Rice, 192 Ill. 127; Elzas v. Elzas, 183 Ill. 134), and admitting that Wilhelmina Sauer testified falsely, it is not sufficient to sustain a bill of review. The Supreme Court of the United States in U. S. v. Throckmorton, 98 U. S. 61, say: "We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered; that the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterward ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

This court, in a well considered opinion, written by Justice Sears (Adamski v. Wieczorek, 93 Ill. App. 357), reached the same conclusion, as also did the Supreme Court of this State in Boyden v. Reed, 55-Ill. 458, where it is said: "The general rule is that evidence that tends simply to impeach testimony given in the former case will not be regarded as sufficient to sustain a bill of review.  *  *  *  It is not enough to allege and prove that false testimony

was in fact heard at the time the former decree was pronounced.  If such were the general rule, it would lead to most disastrous results, and many decrees much older than this could be set aside."

Tested by these authorities the petition in this case is clearly insufficient.

· The order of the Circuit Court refusing to allow the plaintiff in error to file his bill of review is affirmed.

*Affirmed.*