## Anna Corcoran, Appellant, v. Nellie Corcoran Williams et al., Appellees.

### Gen. No. 36,715.

Opinion filed June 12, 1933. Rehearing denied June 26, 1933.

YOUNG, PARES & PETERSON, for appellant.

ANDERSON & CLARKE, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Upon the ground of newly discovered evidence petitioner filed her petition in the circuit court asking leave to file a bill of review praying for review and reversal of a prior decree entered in a partition proceeding between the same parties. The chancellor denied leave to file the bill of review and the petitioner appeals from this order.

A statement of the prior proceedings and the conclusion of the Supreme Court are found in *Williams v. Corcoran,* 346 Ill. 105. It there appears that Nellie Corcoran Williams and Margaret S. Demling, sister and niece respectively of John Corcoran, who died intestate, filed a bill in the circuit court of Cook county praying partition of certain residence property in Oak Park owned by the intestate. Anna Corcoran, another sister, was made defendant and she filed an answer and a cross-bill, in both of which she claimed ownership of the property by virtue of an alleged agreement between herself and her brother John, whereby she was to receive it in return for keeping house for him and taking care of him until his death; by her cross-bill she prayed for specific enforcement of the agreement; the cause was referred to a master who, after hearing evidence, filed a report recommending a decree in partition and that the cross-bill be dismissed for want of equity. From the decree entered in accordance with this recommendation Anna Corcoran appealed to the Supreme Court, which affirmed the decree of the circuit court. In the opinion the evidence

tending to support Anna Corcoran's claim is set forth in some detail. Most favorably considered from her standpoint, there were occasional statements by John that when he died everything would go to his sister Anna. The opinion also shows that Anna filed a claim against her brother's estate in the probate court, claiming some $23,000 for services rendered to him as housekeeper, cook, laundress, etc., and for damage to health. This claim was dismissed after hearing. The opinion concludes that the evidence adduced by Anna fell short of establishing a contract which a court of chancery could undertake to enforce.

The petition for leave to file a bill of review alleges that after the affirmance of the circuit court decree on July 28, 1932, there was found among some old newspapers in the basement of the house owned and occupied by John Corcoran at the time of his death a certain paper in his handwriting and signed by him, containing the following words:

"I hereby will and bequeath to my sister Annie all my property both personal and real this 8 of May 1928.

"John Corcoran."

Petitioner argues in this court that this writing is strong corroborative evidence of the alleged oral agreement between herself and John whereby she was to receive the property; that the finding of the chancellor in the partition suit would probably have been otherwise had this writing been in evidence.

Bills of review on the ground of newly discovered evidence are not favored by the courts. Permission to file such a bill is not a matter of right but is in the sound discretion of the court, to be exercised cautiously and sparingly and only under such circumstances as demonstrate that it is indispensable to the merits of the cause that the bill be filed. *Corbly v. Corbly,* 304 Ill. 323. Newly discovered evidence upon which a review and reversal of a former decree is asked must not

be cumulative but must be of an important and decisive character. *Hogg v. Eckhardt,* 267 Ill. App. 506; *Walker v. Douglas,* 89 Ill. 425. The decision of the chancellor in passing upon such a motion will not be lightly disturbed by an appellate tribunal. *Karsten v. Winkelman,* 126 Ill. App. 418; *Elzas v. Elzas,* 183 Ill. 132.

The newly discovered writing is not a will, and standing alone does not prove a contract of John to will his property to his sister. At best it tends to corroborate some of the rather loose oral statements attributed to John with reference to his sister Anna having his property when he died. If it had been in evidence it would have been considered by the court, and although it might be persuasive it is not necessarily controlling. The writing may be tangible evidence of a desire of the intestate to give his sister Anna his entire estate, but it cannot be said that it is so decisive and conclusive as to justify a decree for specific performance. As was said in *Rodman v. Rodman,* 112 Wis. 378, it is a matter of common knowledge and experience that while wills are frequently made, contracts to make a will in a certain way are very infrequent. In *Monsen v. Monsen,* 174 Cal. 97, it was held that the making of a will has no tendency to show that there is a contractual obligation to make such a will. See, also, *Studer v. Seyer,* 69 Ga. 125.

We cannot close our eyes to the fact that the Supreme Court has held that there was no contract between John Corcoran and his sister Anna to give her his property. The newly discovered writing might make the case for her a little stronger, but it would not be decisive. Petitioner's counsel cite many cases in an able brief in which, under various circumstances, it was held that a will executed by a promisor is strong corroborative proof that the will was executed in compliance with a contract. But the essence of the argu-

ment based on these cases is that the filing of the instant bill of review should have been allowed on the ground that the court might possibly, by reason of the additional fact of the writing, reverse its former conclusion. This is in effect to say that the new evidence is merely cumulative and not decisive in character.

The original case should not be opened up solely upon the chance that the additional evidence might persuade the circuit court and the Supreme Court to change their views. The Supreme Court of the United States in *United States v. Throckmorton*, 98 U. S. 61, said in substance that the mischief of retrying every case in which a decree was rendered because of some subsequently ascertained fact "would be greater by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases." And in *Boyden v. Reed*, 55 Ill. 458, the court said of evidence to justify the filing of a bill of review, that it must be such as would show that a different result "would necessarily have been produced if it had been heard on the former hearing," and that, if it was the general rule to allow bills of review "it would lead to most disastrous results and many decrees much older than this could be set aside."

The order of the circuit court denying leave to file the bill of review is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.