JOHN W. MAXWELL, *et al.*

*v.*

LINCOLN AND FIFTH WARD BUILDING AND LOAN ASS'N.

*Opinion filed June 23, 1905.*

CONSTITUTIONAL LAW—*act of 1903, legalizing prior acknowledgments, is valid as between original parties.* The act of 1903, (Laws of 1903, p. 120,) legalizing acknowledgments of deeds and mortgages to corporations taken by a stockholder in the corporation, is valid as between the original parties to the conveyance, and as to them cures the defective acknowledgment. (*Steger* v. *Traveling Men's Building Ass.* 208 Ill. 236, and *Fugman* v. *Jiri Washington Building Ass.* 209 id. 176, followed.)

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This was a bill in chancery filed by the appellee, a building and loan association, against the appellants, husband and wife, in the superior court of Cook county, to foreclose a mortgage bearing date December 2, 1895, given by appellants to the appellee, upon premises upon which the appellants resided as a homestead, to secure the payment to the appellee of the sum of $3950 for money loaned by it to them, with interest and penalties, which mortgage was acknowledged by the makers thereof before John A. Richart, a notary public, who was a stockholder in said building and loan association at the time he took such acknowledgment. An answer and replication were filed and the case was referred to a master, who filed a report recommending that a decree of foreclosure and sale be entered, which, after exceptions were overruled to the report, was done accordingly, and the appellants have prosecuted an appeal to this court.

FREDERICK MAINS, for appellants.

CHARLES L. MAHONY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The only question raised and discussed in this court is the constitutionality of the act of May 15, 1903, (Hurd's Stat. 1903, p. 447,) passed by the legislature after an opinion was filed by this court in *Ogden Building and Loan Ass.* v. *Mensch,* 196 Ill. 554, to legalize acknowledgments of deeds, mortgages and other instruments in writing made to corporations when the officer taking the acknowledgment was, at the time of taking the same, a stockholder in such corporation. The question here raised arises between the mortgagors and mortgagee, the rights of no other parties having intervened, as was the case in *Steger* v. *Traveling Men's Building and Loan Ass.* 208 Ill. 236, and *Fugman* v. *Jiri Washington Building and Loan Ass.* 209 id. 176. In those cases, however, the question here raised was fully considered and decided, and the conclusion was there reached that, as between the original parties to the instrument, the act of May 15 was a valid enactment and cured the defective acknowledgment. In the *Fugman case,* on page 179, it was said: "In this case the owners of the homestead estate attempted to convey it in conformity with the statute, but failed because the officer was disabled, by personal interest, to take the acknowledgment. In case the homestead estate should be extinguished by abandonment or surrender the trust deed would become operative. There was, in fact, an acknowledgment, which was illegal only on account of the personal interest of the officer, and this disability the legislature might remove as between the parties to the instrument." We see no reason for receding from the doctrine thus announced.

The decree of the superior court will therefore be affirmed.

*Decree affirmed.*