## Louis D. Garlick et al v. Mutual Loan and Building Association.

### Gen. No. 4,838.

1. MASTER IN CHANCERY—*when findings of fact not subject to review.* Findings of fact made by a master are not subject to review where the evidence upon which such findings are predicated is not preserved in the transcript.

2. WRIT OF ERROR—*what cannot be considered upon review by.* A transcript filed upon a former appeal or writ of error proceed-

ings cannot be considered by the Appellate Court in a subsequent review proceeding.

Foreclosure. Error to the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1907. Dismissed. Opinion filed August 6, 1907.

E. C. HALL, for plaintiffs in error.

J. W. DOWNEY, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

The record before us contains a remanding order from this court, a decree referring the cause to the master, with certain directions, upon a certificate of evidence already on file, and upon such further evidence as the parties may present, a report by the master containing certain additional evidence taken before him, his findings and a statement of account, certain objections and his rulings thereon, which objections stood as exceptions before the court and were overruled, and a decree of foreclosure in favor of the loan association and against plaintiffs in error for $10,-126.53 and a master's report of a sale under said decree. Upon this record the plaintiffs in error have assigned various errors, questioning the refusal of the master to allow certain credits and the entering of any decree for the association. The record does not contain the pleadings nor the certificate of evidence which was referred to the master. Rule one of this court (109 Ill. App. 662) requires that the transcript of the record of the trial court to be filed in this court upon a writ of error shall contain the pleadings and the certificate of evidence. Without the pleadings and the certificate of evidence so referred to the master, it is impossible for us to determine the correctness of the decree or of the ruling of the master in allowing or disallowing any particular item claimed by the parties. This cause has twice heretofore been before this court. It may be that if plaintiffs in error

had asked leave to withdraw the last of said former records and to refile it in this cause, such motion might have been granted, if no good reason for refusing the application was shown. Plaintiffs in error did not make such an application, but have submitted the cause upon this incomplete record. This writ of error is a new suit, and the record filed in this court when the case was here before is not in the present case, and we have no authority to consider it. If we should proceed to dispose of the errors assigned and render a final decision favorable to either party and the opposite party should appeal to the Supreme Court, that appeal would only take to the Supreme Court the present imperfect record, and the Supreme Court could not do otherwise than to say that it had before it no record which would enable it to determine any question in the cause. No doubt if plaintiffs in error sought to question merely the action of the master in the manner of conducting or reporting a sale of the premises, the certificate of evidence would not be required, but even then the pleadings would be indispensable. Without them, there is no case before this court. The errors assigned here do not relate to the conduct of the sale, but to action taken prior thereto. We cannot decide them without the pleadings and the evidence.

The writ of error is therefore dismissed.

*Dismissed.*