# Mutual Loan & Building Association of Joliet, Defendant in Error, v. Louis D. Garlick et al., Plaintiffs in Error.

### Gen. No. 4,890.

1. EVIDENCE—*when competency of books cannot be questioned.* *Held,* that by virtue of a stipulation entered into in this case upon a previous hearing thereof the competency of books of account was not open to question.

2. APPEALS AND ERRORS—*when action of court not subject to complaint.* Error advantageous to the party complaining cannot be made the subject of complaint on review.

Foreclosure. Error to the Circuit Court of Will County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed March 11, 1908.

E. C. HALL, for plaintiffs in error.

J. W. DOWNEY, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This writ of error is sued out to reverse a decree foreclosing a mortgage under a cross-bill filed by defendant in error. This case is before us for the fourth time. Our first decision is reported in Garlick v. M. L. & B. Assn., 116 Ill. App., 311, and our second decision is reported under the same title in 129 Ill. App., 402, in general number 4703. In those two opinions we passed very fully upon the merits of the contentions of the respective parties and stated the facts with great fullness of detail, and we here refer to those opinions to avoid a restatement of the facts and the law. In the second decision we remanded the cause with specific directions to the court below to enter a decree finding certain facts and to refer the cause to the master to state an account upon the certificate of evidence then in the record and upon such further evidence as the parties might offer, and with certain specific directions to the master as to the method of stating the account. A decree was entered pursuant to these directions. The master heard such additional proof as the

parties offered, and stated the account pursuant to the directions given. Objections and exceptions thereto were overruled and a decree of foreclosure was entered pursuant to that report. Thereafter plaintiffs in error sued out a writ of error under the same title, in general number 4838 of this court, to review said decree, and filed here a record containing only the proceedings in the court below after we remanded the cause the second time, and on that record assigned errors. On August 6, 1907, we dismissed that writ of error for the reason that the record contained none of the pleadings and omitted most of the evidence, namely, all the evidence contained in the original certificate of evidence. 135 Ill. App., 490. Thereafter plaintiffs in error by leave of court withdrew the record in general number 4703 and the record in general number 4838, and consolidated said two records in the present case. Defendant in error appeared and joined in error. The argument of plaintiffs in error here is chiefly in support of the positions taken when the case was here the first and second times, and is an attempt to induce us to review the conclusions we then reached upon the merits. The court below was bound by our directions, and obeyed them, and we consider ourselves also bound by the directions we gave the court below and that those questions are not now open to reconsideration in this court. A few matters remain for further consideration.

Plaintiffs in error complain of the admission in evidence of the books of the Association. The record discloses the following sufficient replies to this position: First. At the second hearing the parties entered into a stipulation which is in part set out in our opinion in 129 Ill. App., 402. A large amount of tabulated matter was attached to that stipulation, showing many payments of principal, interest, taxes and fines. This was practically the books of the corporation relative to the dealings between defendant in error and plaintiffs in error. It was the meaning of that stipulation that that statement should be treated as in evidence, subject to be modified only by proof of other payments by plaintiffs in error. By the stipulation the case was submitted to the

court for decision upon this tabulated statement. We are of opinion that after plaintiffs in error entered into that stipulation, and the cause was heard and decided upon it, both in the court below and in this court, they cannot now be heard to say that a proper foundation had not been laid for the introduction of the books. Second. The secretary of the Association testified that the books were true and correct and were books of original entry. Third. The admission of the books was to the advantage of plaintiffs in error. The notes and mortgages standing alone made a case against them for a much larger decree than was rendered below. Plaintiffs in error relied upon the proof of payments made by them contained in said books. Without said books they were unable to prove with any precision what payments they had made. We are satisfied with our former decision which treated the books as properly in evidence.

Two new matters were litigated on the last reference to the master. Defendant in error claimed and was allowed credit for an item of $290.50 for insurance paid by it. Plaintiffs in error question the propriety of this allowance. The mortgages authorized defendant in error to insure the property. The check with which it paid this insurance is in evidence. Two witnesses testified that defendant in error paid this insurance. Certain insurance which plaintiffs in error paid after the first hearing of the cause is sufficiently shown to have been other insurance than that included in the item above mentioned. The testimony of plaintiffs in error against said item is slight and uncertain. There was no error in allowing that as an expense properly incurred by defendant in error in protecting the loan.

Plaintiffs in error argue that the master and the court erroneously refused them a credit of $70. They seem to have offered in evidence a receipt for $70, but that receipt appears to be omitted from the record. According to the evidence that receipt did not run to the plaintiffs in error, but to another person. Defendant in error claimed that it had credited plaintiffs in error with this payment on its books, and it showed such an item of credit. The only dif-

Waterman v. Kirk.

ference was that the date of the credit on the books is four days before the date of the alleged receipt. Apparently the receipt was made out four days after the money was paid, and was not dated back to the time of the payment. We do not feel justified in disturbing the conclusion of the master and of the court upon that subject.

We find no substantial error in the record. The decree is therefore affirmed.

*Affirmed.*