LOUIS D. GARLICK *et al.* Plaintiffs in Error, *vs.* THE MUTUAL LOAN AND BUILDING ASSOCIATION, Defendant in Error.

*Opinion filed October 26, 1908.*

1. LOAN ASSOCIATIONS—*a borrower charging usury has burden of proving his charge.* One who files a bill in equity for an accounting against a loan association and for the release of certain mortgages given by the complainant to the defendant, which the bill charges to be for an usurious loan, has the burden of proving his charge of usury.

2. SAME—*when a loan association is entitled to recover legal interest.* Where a borrower from a loan association voluntarily brings the association into court for an accounting and for a cancellation of the security upon the ground that the loan was usurious, the association is entitled to recover the actual amount received by the complainant, with legal interest thereon; nor can the complainant be heard to object that the association has not been authorized by the board of directors to enforce the security.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

E. C. HALL, for plaintiffs in error.

J. W. DOWNEY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error filed their bill for an accounting, to restrain the defendant in error from interfering with their control and enjoyment of certain real estate, to cancel a certain quit-claim deed, and to have released certain mortgages upon payment of the amount, if any, due from the plaintiffs in error to the defendant in error. The defendant in error answered and filed a cross-bill, alleging that the quit-claim deed was given as further security for an indebtedness of $11,600, secured by a mortgage from the plaintiffs in error to defendant in error, and praying for a foreclosure. After several hearings in the circuit court and two in the Appellate Court (116 Ill. App. 311; 129 id. 402;) a decree of foreclosure for $10,125.53 has been affirmed by the Appellate Court and is brought here by the original complainants by writ of error.

So far as the right of the plaintiffs in error to any relief on the ground of fraud or misrepresentation or misunderstanding of the character of the instruments executed by them is concerned, it is not sustained by the evidence; and this claim is not material, because, in any event, the conveyances will not be set aside except on payment of the amount equitably due, and this is the extent of the claim of the defendant in error.

The plaintiffs in error charge that the debt to the defendant in error was usurious and that nothing is due on it. Defendant in error is a building and loan association, organized under the laws of Illinois in 1884. The plaintiff in error Louis D. Garlick became a stockholder in that year and first became a borrower from the association in 1885. The loan then obtained was wholly paid and does not concern this controversy. The mortgages here involved are one for $5000, dated August 7, 1889, one for $10,000, dated May 11, 1893, and one for $11,600, dated September 15, 1896. The last mortgage represents the same indebtedness as the other two, and on August 31, 1899, the plaintiffs in

error executed the quit-claim deed in controversy and the defendant in error gave back a contract of defeasance. The circuit court found that the $10,000 loan was usurious, and that decision is not questioned. It found that the $5000 loan was not usurious, and the plaintiffs in error insist that such finding is erroneous. The plaintiff in error Louis D. Garlick denies bidding for the loan, and claims that $1000, being a premium of twenty per cent, was retained by the defendant in error and only $4000 paid to him on account of the $5000 loan. At that time the only method for making loans provided by the statute was by competitive bidding, the priority of loan being awarded to the stockholder bidding the highest premium therefor. We have held in such cases that the exemption from the operation of the Interest law conferred upon such associations as the defendant in error applies only to interest, fines and premiums accruing according to the provisions of the act providing for their organization, and that a loan made where the money was not offered for loan in open meeting to the highest bidder, but at an arbitrary rate of premium fixed by the board of directors, was not exempted from the operation of the usury laws. (*Jamieson* v. *Jurgens,* 195 Ill. 86; *Borrowers' Building Ass.* v. *Eklund,* 190 id. 257.) Mr. Clare, who was a clerk of defendant in error, testified that Garlick was present at the meeting and bid for the money, and he is corroborated to some extent by the secretary and the minutes of the meeting. The secretary also testified to the amount of money paid on the loan as $4100, and is corroborated by his cash book. The complainants having charged usury have the burden of proving it, and they have failed to do so as to this loan.

Whether the secretary of defendant in error had authority to consolidate the two mortgages into the one for $11,600, or to accept the quit-claim deed, is unimportant. In fact, Garlick made a written application for a loan of $11,600 and he and his wife executed the mortgage and

the deed.   They have voluntarily come into a court of equity to have them canceled.   The only terms imposed upon them are payment of the actual money they have received, and lawful interest.   They have brought the mortgagee into a court of equity for the purpose of having the account stated, and equity requires the allowance of legal interest in ascertaining the amount due.

Objection is made that the defendant in error cannot proceed to the enforcement of its security except upon the order of the board of directors.   The plaintiffs in error are not in a position to raise this question.   They are the actors. They have brought the defendant into court and it may proceed to enforce its rights.

Plaintiffs in error insist that it was error to admit in evidence the books of the association.   If so, it was error in their favor.   The entries introduced showed payments made on account of the loans which went to the reduction of the amount for which, without such evidence, the defendant in error would have been entitled to a decree.

The $5000 loan was not usurious, and the court properly ascertained the balance due on it according to the contract of September 15, 1896, to which was added the balance due on the usurious $10,000 loan, treating it as of the principal amount of $8000 and allowing five per cent interest thereon, the sum of the two constituting the correct principal of the loan of September 15, 1896, which was $11,600 on its face.   This latter loan having included in it the balance due on the usurious $10,000 loan, was itself affected with usury, and the legal rate of five per cent, only, was properly allowed as interest thereon.

It is insisted that the plaintiffs in error were not in default to the amount claimed, and that they should have received credit for a larger amount than was allowed them; but an examination of the evidence convinces us that they were credited with all payments shown by the evidence to which they were entitled.

The officers certifying to the acknowledgment of the mortgages and quit-claim deed in this case were stockholders of the defendant in error. The premises included in those conveyances constituted the homestead of the grantors, and the conveyances were therefore null and void prior to the curative act of May 15, 1903. (Hurd's Stat. 1905, p. 472.) That act, however, made valid the defective acknowledgments, so that, no rights of third parties having intervened, the conveyances became effectual to pass the homestead in accordance with the original intention. *Maxwell* v. *Lincoln Building Ass.* 216 Ill. 85.

We find no error in the record. The judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.