# Louis D. Garlick, Plaintiff in Error, v. The Mutual Loan & Building Association of Joliet, Defendant in Error.

## Gen. No. 5,842.

1. EQUITY, § 559*—*right to file bill of review.* Leave must be obtained of the court before filing a bill of review on the ground of newly-discovered evidence.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Garlick v. The Mutual Loan & Bldg. Ass'n, 187 Ill. App. 541.

2. EQUITY, § 573*—*application for leave to file bill of review.* On application for leave to file a bill of review, a copy of the bill proposed to be filed should be presented with the petition.

3. EQUITY, § 569*—*when bill of review not permitted.* A bill of review to review a decree based on an accounting between the parties should not be permitted on the ground of newly-discovered evidence, on a showing that such evidence would change the result of the accounting in a sum less than would be the probable costs of prosecuting the new suit.

4. EQUITY, § 570*—*when showing for leave to file bill of review on ground of newly-discovered evidence insufficient.* On application for leave to file a bill of review on the ground of newly-discovered evidence, the petition and accompanying affidavits *held* not in themselves to show newly-discovered evidence of sufficient importance to entitle the petitioner to the right to file such bill.

5. EQUITY, § 570*—*sufficiency of newly-discovered evidence as grounds for bill of review.* A letter found in the State Auditor's office which is not a paper required to be filed in such office cannot be availed of as newly-discovered evidence as grounds for leave to file a bill of review, where the author of the letter is dead and it amounted to nothing more than would the letter of a deceased person.

6. EQUITY, § 577*—*what evidence must be preserved to review or denying leave to file bill of review.* On writ of error to reverse an order refusing leave to file a bill of review on the ground of newly-discovered evidence, it is the duty of the plaintiff in error to bring before the court of review the record of the former case, fully showing what was brought to the trial court's attention that would properly govern it in deciding the question, since if only a part of the evidence on which the court acted is before the court of review it must assume that the omitted part justified the decision of the trial court.

Error to the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1913, Affirmed. Opinion filed July 31, 1914.

JOHN T. WHITE, for plaintiff in error; EDWARD C. HALL, of counsel.

J. W. DOWNEY, for defendant in error.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Second District—July, 1914.     543

Garlick v. The Mutual Loan & Bldg. Ass'n, 187 Ill. App. 541.

Mr. Presiding Justice Carnes delivered the opinion of the court.

This writ of error is prosecuted to reverse an order entered by the trial court in September, 1910, refusing leave to file a bill of review on a petition filed alleging newly discovered evidence. The decree sought to be reviewed was entered in a suit begun by a bill filed by Louis D. Garlick, plaintiff in error, and his wife, in March, 1903, against the defendant in error, a Building and Loan Association, asking to have a quitclaim deed declared a mortgage and for an accounting as to an indebtedness of many years standing. A cross-bill was filed by the defendant asking an accounting and foreclosure; and subsequent proceedings included three different statements of the account, two before the court and one before the master, on such evidence as the parties were able to produce of the various numerous transactions of the kind and character usual in Building and Loan Associations when a member gets in default in paying his dues and becomes liable to fines and payment of expenses incurred in protecting the mortgaged real estate. There were three decrees of foreclosure entered by different judges of the trial court, the last of which was rendered in February, 1907, and afterwards affirmed in this court and in the Supreme Court. The defendant purchased the premises at the foreclosure sale, the time of redemption expired and in December, 1908 it, by aid of a writ of assistance, obtained possession of the property. The case has been four times in this court and is found reported in 116 Ill. App. 311, 129 Ill. App. 402, 135 Ill. App. 490, 139 Ill. App. 448, and once in the Supreme Court reported in 236 Ill. 232; in which opinions full statements of the matters involved may be found.

On May 11, 1910, plaintiff in error filed his petition for leave in this case, defendant in error entered its appearance and the court heard the case on the petition and accompanying affidavits, the answer of defendant in error and the reply of petitioner. No copy of the bill

proposed to be filed was presented with the petition. Such would have been a better if not necessary practice. We presume without investigating or deciding the matter that leave should be obtained to file *the* bill and not *a* bill. As a general rule a copy of the pleading should be set out with motion for leave to file unless the facts to be set out in the pleading fully appear in the motion for leave (31 Cyc. 502); but no question is raised as to the method of procedure, and we will consider the question on the record before us whether plaintiff should have been permitted to file a bill of review properly setting out among other things the allegations in his petition of newly discovered evidence. It is there alleged that after the final decree and while the case was pending in the Appellate Court petitioner discovered among old papers in his basement eleven cancelled checks aggregating $1,132.09, varying in amounts from $76.50 to $252.58, and in dates from May 28, 1891 to September 27, 1892, payable to and indorsed by defendant; and he avers in his sworn petition "That he is advised and verily believes the fact to be that no credit was given him for any, and certainly not for all of said payments, represented by said newly discovered checks or receipts upon said loans upon the books of said Association." And he files with his petition the affidavit of E. C. Hall, an attorney in the case, in which it is averred: "That according to affiant's investigation and belief, a considerable part of said payment will be found on examination not properly accounted for by the Association in its accounting heretofore rendered in this cause."

The petition also alleges that since the final decree there has been discovered in the State Auditor's office the report of an inspector now deceased, with reference to the condition of the defendant on July 1, 1899, to the effect that on March 22, 1899, there appeared in the cash book of the Association an entry crediting instalments with $4,321.65, and charging contingent

funds with a like amount, that the secretary explained he wished to reduce a loan of $12,000 made to L. D. Garlick but could not explain why he had credited the dues account. It is on account of these alleged discoveries of evidence that leave is sought to file a bill of review. That leave must be obtained before filing a bill of review on the ground of newly discovered evidence is settled law recognized by our Supreme Court in many cases from *Griggs v. Gear,* 8 Ill. (3 Gilm.) 2 down to *Harrigan v. County of Peoria,* 262 Ill. 36. The Court said in *Schaefer v. Wunderle,* 154 Ill. 577; "The prayer of the petition for leave to file a bill of review will not be granted except upon affidavit satisfying the court, that the alleged new matter was not known to the petitioner and could not have been discovered and produced or used by him, by the exercise of reasonable diligence, before the entry of the decree sought to be reviewed. The affidavit should be positive, and not merely upon information and belief. The new evidence relied upon must be distinctly stated, and the affidavits of witnesses must be filed in support of the averments." And in *Elzas v. Elzas,* 183 Ill. 132: "It must be such as would apparently have produced a different result had it been known and brought before the court. * * * The newly discovered evidence must be distinctly stated and the affidavits of witnesses must be filed in support of the averment. * * * When the petition is presetned the court considers its statements, and the affidavits in support of it, and the record in the original case. The court then, upon looking at the whole case, exercises a sound judicial discretion, and unless such discretion has been abused the decision will not be disturbed."

We are of the opinion that had plaintiff presented a bill of review based on this showing of newly discovered evidence with all other proper averments, including due diligence in discovering the evidence, he was not entitled to leave to file it. The affidavits of himself

and his attorney would be true if some. small amount of the payments evidenced by the checks had not been credited in the accounting on which the final decree was based. We assume a bill of review should not be permitted in a case of this character on a showing that newly discovered evidence would change the result of the accounting in a sum less than would be the probable costs of prosecuting the new suit begun by the filing of the bill. The reply of defendant to plaintiff's petition asked the court to consider the whole record in the former case to determine the significance of this newly discovered evidence. Plaintiff in replying to this answer denied that it was necessary to consider the whole record but admitted that certain designated pages were pertinent to the inquiry. Those pages are not preserved on the record filed here. It is obvious that in this case where there had been an accounting involving a great many items of payment by plaintiff, extending over a long period of years, it was of no significance whatever to say that he had discovered certain evidences of certain payments without further saying that he had not received credit in his former accountings for those payments, and whether he had so received credit could best be ascertained by an examination of the account stated by the master and the evidence on which he based that statement. We assume the court did so examine that account and statement in "looking at the whole case" as suggested in *Elzas v. Elzas, supra;* and for aught we can know he found those items credited in the account upon which the decree was based. They may have been so credited in the pages of the record, that both parties to the petition asked the court to examine. Plaintiff assumes in his argument that defendant should have preserved and brought here such parts of the original record as would have shown or tended to show that these items had been credited. This is not a correct view of the situation. The court passed

on the petition on the affidavits and evidence presented to it together with such knowledge of the case as he might obtain from a view of the record. It was the duty of plaintiff to bring before *this* court a record fully showing what was brought to the trial court's attention that could properly govern it in deciding the question. If only part of the evidence on which the court acted is before us we must assume that the omitted part justified its action.

We see nothing in the discovery of the paper mentioned in the State Auditor's office. It was not a paper required by law to be filed in that office. The author was dead and it amounted to nothing more than would the letter of any deceased person stating that he had examined defendant's books and found certain indications and got certain admissions from the secretary that plaintiff was entitled to a credit. At most the showing is that plaintiff might have proven something by the inspector if he had not unfortunately died. "If a person in official station is bound to record a fact, the proper proof is a copy of the record duly authenticated. 'But as to matters which he was not bound to record, his certificate, being extra-official, is merely the statement of a private person.'" *Schaefer v. Wunderle, supra.*

Various other reasons sustaining the action of the court below are suggested by defendant in error and discussed in the briefs; but finding that we have not a sufficient record of the facts on which the trial court is presumed to have acted to warrant a reversal of its order, even if the newly discovered evidence seemed on the record before us to require a reversal, and also being of the opinion that the petition and accompanying affidavits fail in themselves to show newly discovered evidence of such importance as to entitle petitioner to relief, we need not consider such other matters.

The judgment is affirmed.

*Affirmed.*